No. 2 January 20, 2017 767

IN THE SUPREME COURT OF THE
STATE OF OREGON

UNION LUMBER CO.,
an Oregon corporation,
dba Bronson Lumber Company,
*Petitioner on Review,*

*v.*

Ron R. MILLER
and Linda Miller,
*Respondents on Review.*

(CC 10-07-46539; CA A152241; SC S062459)

En Banc

On review from the Court of Appeals.*

Argued and submitted September 23, 2016.

Jonel K. Ricker, Joseph and Ricker, LLC, filed the brief for petitioner on review.

Philip Wasley, Wasley Law Office, PC, LaGrande, argued the cause and filed the brief for respondents on review.

BREWER, J.

The decision of the Court of Appeals is reversed. The order of the circuit court denying defendants' motion to set aside the general judgment and the supplemental judgment awarding costs and attorney fees to plaintiff are affirmed.

_____
* Appeal from Union County Circuit Court, Russell B. West, Judge. 263 Or App 619, 328 P3d 1284 (2014).

**BREWER, J.**

The question in this case is whether the trial court erred in denying defendants' motion under ORCP 71 B(1) to set aside a general judgment entered against them on grounds of excusable neglect and mistake. The Court of Appeals reversed the trial court's ruling, concluding that the judgment was entered as a result of mistakes made by plaintiff and a court-appointed arbitrator with respect to the service of case-related documents on defendants. *Union Lumber Co. v. Miller*, 263 Or App 619, 625, 328 P3d 1284 (2014). Because we conclude that defendants were not entitled to relief from the judgment on the grounds asserted, we reverse the decision of the Court of Appeals and affirm the trial court's order denying defendants' motion to set aside the judgment.[1]

## I.   FACTS AND PROCEDURAL HISTORY

On review of an order denying a motion to set aside a judgment, we set out the undisputed facts in the light most favorable to the moving party. *See Wershow v. McVeety Machinery*, 263 Or 97, 103, 500 P2d 696 (1972) (so viewing facts on review of motion to set aside default judgment). However, we accept the trial court's findings of disputed fact, if there is evidence to support those findings. *See Hiatt v. Congoleum Industries*, 279 Or 569, 576, 569 P2d 567 (1977) ("If grounds are apparent which could cause the trial court to suspect the uncontradicted statements in the affidavit, the trial court does not need to accept such statements as correct.").

In June 2002, defendant Ron Miller entered into an open account agreement with plaintiff, the owner and operator of building supply stores, for the purchase of building supply materials. In July 2010, plaintiff filed an action for breach of contract and unjust enrichment against Ron Miller and his spouse Linda Miller, seeking $17,865 as the unpaid balance on the account. The complaint alleged that defendants' son, Ean Miller, had purchased building

---

[1] Defendants also appealed from a supplemental judgment awarding plaintiff the costs and attorney fees that it incurred in resisting the motion to set aside the general judgment. We reject without discussion defendants' challenge to the supplemental judgment.

materials from plaintiff, charging those materials to the Miller account with his father's authority. The complaint further alleged that the materials that Ean purchased were delivered to properties that defendants owned and were used to improve those properties and that, for several years, defendants had paid the charges that Ean had made on the account.

Plaintiff personally served Linda Miller with summons and complaint at defendants' residence in Wisconsin, on August 3, 2010. After Linda was served with the summons and complaint, defendants each signed powers of attorney authorizing Ean "to answer the complaint filed in [this case]." On August 30, 2010, Ean filed an answer for defendants, attaching the two powers of attorney as exhibits. The answer denied that Ean had authority to charge building materials to his father's account and denied that the materials that Ean had purchased were used to improve defendants' properties. The answer affirmatively alleged that Ean had purchased the materials and incurred the charges for work done on other people's property. In a counterclaim, the answer further alleged that collection of the account was stayed by Ean's voluntary bankruptcy petition. The answer was signed "Ean Miller P.O.A." and it designated defendants' address as "2816 N 2nd St., La Grande, OR 97850." Ean filed the answer in the circuit court, and the case was assigned to court-annexed arbitration pursuant to ORS 36.405(1)(a).[2]

Ron was served with summons and complaint by substitute service on Linda at their Wisconsin residence address in November 2010. In April 2011, the court appointed an arbitrator, copying the notice of appointment to "Jonel Ricker [plaintiff's attorney], Ron Miller, etal [*sic*]." The arbitrator then sent notices of potential hearings dates,

---

[2] ORS 36.405 provides, in part:

"(1) Except as provided in ORS 30.136, in a civil action in a circuit court where all parties have appeared, the court shall refer the action to arbitration under ORS 36.400 to 36.425 if either of the following applies:

"(a) The only relief claimed is recovery of money or damages, and no party asserts a claim for money or general and special damages in an amount exceeding $50,000, exclusive of attorney fees, costs and disbursements and interest on judgment."

his arbitration rates, and a hearing date and location to plaintiff's counsel and to "Ean Miller POA" at the La Grande address. Plaintiff's counsel sent a prehearing statement of proof to defendants at the La Grande address as well.

Neither defendants nor Ean participated in the arbitration proceeding. At the hearing, plaintiff orally moved to strike defendants' answer on the ground that Ean was not licensed to practice law in the State of Oregon and, therefore, lacked authority to represent defendants in the action. The arbitrator granted that motion, then received plaintiff's evidence and heard testimony from plaintiff's witnesses.[3]

The next day, the arbitrator issued a decision and award, which was mailed to plaintiff's counsel and to defendants at the La Grande address. In the decision and award, the arbitrator determined that plaintiff was entitled to recover the amount sought on its claims, and the arbitrator directed plaintiff's counsel to prepare a general judgment in accordance with findings of fact and conclusions of law that the arbitrator made in support of his decision. Plaintiff's counsel filed a proposed general judgment and money award, attorney fee statement, and statement of costs and disbursements with the court on June 16, 2011. Plaintiff's counsel mailed copies of those documents to defendants at the La Grande address. The court entered the general judgment and money award on July 14, 2011. On July 18, 2011, Ean received a notice of entry of judgment that the court had mailed to the La Grande address.

After receiving the notice of entry of judgment, Ean contacted defendants, who then obtained counsel and filed a motion to set aside the judgment under ORCP 71 B(1).[4] In

---

[3] Defendants do not challenge the arbitrator's decision to strike their answer.

[4] ORCP 71 B provides, in part:

"(1) By motion. On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F; (c) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment is void; or (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable

the motion, defendants generally asserted that the judgment should be set aside due to mistake, inadvertence, surprise, or excusable neglect that resulted in defendants' failure to defend the action.[5] More particularly, defendants argued that they "should be excused from failing to appear" because (1) case-related documents were mailed to Ean's address, not defendants; (2) Ean had moved his residence and had not received his mail; and (3) Ean was authorized only to file the answer on defendants' behalf, not to otherwise defend them in this action. Because they had given Ean authority only to file the answer, defendants argued that case-related documents should have been mailed to them at their residence address in Wisconsin.

In support of their motion, defendants each filed declarations stating that they did not know that Ean could not lawfully file an answer for them. They further averred that the authority that they had granted to Ean under the powers of attorney extended only to filing the answer and that they otherwise had intended to personally defend the action. Defendants also stated that they had not received any case-related communications from Ean, plaintiff, or the court until Ean notified them that the judgment had been entered. Ron also declared that he and Ean had discussed the case weekly and that they had wondered why they had not heard anything about the case. In addition, Ron described a phone call in which an employee of plaintiff had told him that she was aware that the allegations against

---

that the judgment should have prospective application. A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment. A copy of a motion filed within one year after the entry of the judgment shall be served on all parties as provided in Rule 9 B, and all other motions filed under this rule shall be served as provided in Rule 7. A motion under this section does not affect the finality of a judgment or suspend its operation."

[5] Defendants also generally asserted that the judgment should be set aside due to (1) fraud, misrepresentation, or other misconduct by plaintiff in failing to send pleadings and notices to defendants at their Wisconsin address as required by ORCP 9; or (2) the judgment being void or voidable either because it was a default judgment taken against defendants without notice to them under ORCP 69, or because the judgment was not supported by a finding of fact that defendants owed plaintiff money. Because defendants have not developed those arguments, we reject them without discussion.

him were false. Because of that phone call, Ron stated that he had assumed that the action would be dropped.

In a separate declaration, Ean stated that, after he had filed the answer on behalf of his parents, he had moved but had not notified the court or plaintiff's counsel of his new address, although he had filed a forwarding address notice with the post office. Ean further declared that he had not received any case-related documents from anyone until he received the notice of entry of judgment on July 18, 2011. Ean also confirmed Ron's declaration that the two had discussed the matter regularly and that they both had wondered why they had not received any case-related information. According to Ean, he had assumed, like his father, that the matter had been dropped. In addition, Ean stated that he had had a separate account with plaintiff, that he had charged the subject building materials to his own account, that the materials he had purchased were not used to improve his parents' properties, and that his debt had been discharged in bankruptcy.

At the hearing on their motion to set aside the judgment, defendants focused on two arguments that were intertwined. First, defendants argued that the judgment should be set aside on the ground that they were excusably unaware of the existence of the arbitration proceeding and the subsequent general judgment on the arbitrator's award because they had not been properly served with case-related documents beyond the summons and complaint.[6] Second,

---

[6] ORCP 9 provides, in part:

"A Service; when required. Except as otherwise provided in these rules, every order; every pleading subsequent to the original complaint; every written motion other than one that may be heard ex parte; and every written request, notice, appearance, demand, offer to allow judgment, designation of record on appeal, and similar document shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 7.

"B Service; how made. Whenever under these rules service is required or permitted to be made upon a party, and that party is represented by an attorney, the service shall be made upon the attorney unless otherwise ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to that attorney or party; by mailing it to the attorney's or party's last known address; by electronic service as provided in section H of

defendants asserted that the judgment should be set aside because plaintiff's counsel had not served defendants with case-related documents, despite knowing that Ean was not an attorney. According to defendants, because plaintiff knew that Ean was not an attorney, plaintiff was required to serve all documents on defendants at their own residence address pursuant to ORCP 9.

In response, plaintiff argued that defendants were not entitled to relief because (1) all notices were mailed to the address designated in the answer that defendants had authorized Ean to file; (2) no documents that were mailed to that address were ever returned to plaintiff's counsel, the court, or the arbitrator, making it implausible to believe that Ean had not received them; and (3) Ean received the notice of entry of judgment, which indicated that he likely had received the other notices mailed to the La Grande address as well. Plaintiff asserted that, after the answer was filed, plaintiff had engaged in arbitration as instructed by the court and had complied with all applicable procedural requirements in the case.

In denying defendants' motion, the trial court concluded that defendants had had a reasonable opportunity to defend the action, but had failed to diligently protect their interests. The court explained:

> "I'm really not very sympathetic to [defendants'] position *** because [defendants] were served. They chose not to get an attorney. They chose to rely on their son. And the matter went all the way through to arbitration. And, now, they come in and claim a problem when they could have solved the entire thing by getting an attorney in the first place and jumping through all the hoops.
>
> "To set this aside will require plaintiff[] to go back to square one and then file it all over again, incurring additional expense, which they could have avoided if

---

this rule; or, if the party is represented by an attorney, by facsimile communication or by e-mail as provided in section F or G of this rule. *** A party who has appeared without providing an appropriate address for service may be served by filing a copy of the pleading or other document with the court."

[defendants] had properly got an attorney and filed the proper response.

"*****

"So, it's not exactly a default judgment in the strictest, in the traditional sense here. I mean, they had notice. They were served. They went to arbitration. I mean, they chose to have their son do it. Even though it was improper, that's what their choice was. So, now, they're saying they didn't know. I guess I just don't buy that."

The court reasoned, "I mean, it was their choice not to retain counsel, correct? Had they retained counsel, they would have been aware of [the arbitration proceeding], wouldn't they, in all likelihood?" As the court saw it, "the reason they didn't appear [at the arbitration hearing] was they chose to go through their son for whatever reason, rightly or wrongly. But that was their choice."[7]

On appeal, defendants argued before the Court of Appeals that they had been mistaken in believing that Ean could file an answer for them; that Ean's failure to receive notices from the court, plaintiff, and the arbitrator was inadvertent; and that their failure to appear and defend was excusable because they had taken steps to answer the complaint, but that process failed due to their mistaken belief that Ean could file an answer for them.

Plaintiff responded that defendants' inaction in not personally appearing and in not following up on the case after the answer was filed constituted inexcusable neglect. Further, plaintiff asserted that ORCP 9 B required it to serve defendants at their last known mailing address—the La Grande address—that they had designated in the answer that Ean filed. In plaintiff's view, defendants had directed all mailings to be sent to the La Grande address, defendants had never notified plaintiff or the court of any change in their address, and plaintiff, the arbitrator, and

---

[7] When defendants' counsel noted that defendants had intended that Ean would only file the answer and that they would thereafter defend the matter personally, the trial court asked why defendants did not get an attorney at that point. Defendants' counsel answered that defendants had never heard anything further about the proceedings. The trial court responded that nothing had prevented defendants from coming to the courthouse and asking to see the court file.

the court had complied with defendants' direction by mailing notices to that address.

The Court of Appeals reversed the trial court's ruling. The court first concluded that defendants' decision to authorize Ean to file an answer to the complaint and their failure to attend to the case and monitor its progress were inexcusably rather than excusably neglectful; accordingly, the Court of Appeals held that the trial court had not erred in denying relief on the ground of excusable neglect. *Union Lumber Co.*, 263 Or App at 627.

However, the Court of Appeals ultimately concluded that relief was compelled by mistakes that plaintiff and the arbitrator had made—namely, that, contrary to ORCP 9 B, they had mailed prescribed notices and other case-related documents to defendants at the La Grande address, rather than to defendants' residence address in Wisconsin. *Id.* at 629. Although the answer that Ean had filed had listed the La Grande address as defendants' address, it was significant to the Court of Appeals that plaintiff had perfected substitute service on Ron Miller at the Wisconsin address after the answer had been filed. It followed, the court explained, that defendants' last known address was their residence address in Wisconsin. *Id.* at 628. According to the Court of Appeals, defendants' failures to appear and participate in the arbitration, to object to the proposed judgment, and to seek a *de novo* trial under ORS 36.425(2)(a),[8] were products of mistakes plaintiff's counsel and the arbitrator made in failing to serve defendants with notices and other documents as required by ORCP 9 B. *Id.* at 627.

Moreover, the Court of Appeals determined that, because the action had been conducted in a manner that was inconsistent with procedural rules that require adequate notice and an opportunity to be heard, setting aside the judgment would correct significant irregularities in the proceedings. *Id.* at 629. Accordingly, the Court of Appeals concluded that the trial court had erred in failing to set

---

[8] ORS 36.425(2)(a) provides that, in a court-annexed arbitration proceeding, a party against whom relief is granted may file a written notice of appeal and request a trial *de novo*.

aside the judgment under ORCP 71 B on the ground of mistake. *Id*.

On review, plaintiff asserts that it was appropriate to treat the La Grande address identified in defendants' answer as their "last known address" for purposes of ORCP 9. In plaintiff's view, it would be inequitable to set aside the judgment, inasmuch as defendants did not diligently protect their interests in the action or provide plaintiff, the arbitrator, and the trial court with an updated mailing address during the course of the litigation.

In response, defendants assert that the Court of Appeals was correct in concluding that plaintiff's and the arbitrator's mistakes in failing to properly serve defendants with case-related documents under ORCP 9 B required the trial court to set aside the judgment. In addition, defendants reiterate their core argument before the trial court and Court of Appeals that excusable neglect justified setting aside the judgment. We allowed review to consider the application, insofar as they are implicated here, of the doctrines of excusable neglect and mistake as grounds for relief under ORCP 71 B.

## II.  ANALYSIS

A.  *Standard of Review*

As noted and as pertinent here, ORCP 71 B provides that a trial court may, "upon such terms as are just," grant a motion to set aside a judgment that was entered due to "mistake, inadvertence, surprise, or excusable neglect."[9] A decision under ORCP 71 B can implicate multiple standards of review. For example, a trial court's decision can rest on findings of disputed fact. An appellate court will defer to a trial court's express or implied findings of disputed fact underlying its legal determinations. *Hiatt*, 279 Or at 575; *see also Coleman v. Meyer*, 261 Or 129, 135-36, 493 P2d 48 (1972). Second, the question whether a cognizable ground for relief has been shown must be decided in accordance with established legal principles. *Rogue Val. Mem. Hosp. v.*

---

[9]  The procedural requirements of ORCP 71 B that the motion be filed timely and with an accompanying pleading containing a defense are not at issue in this case. *See Union Lumber Co.*, 263 Or App at 624.

*Salem Ins.*, 265 Or 603, 606, 510 P2d 845 (1973).[10] Thus, the question whether a party seeking relief from a judgment has offered a reasonable excuse for failing—on account of neglect, surprise, inadvertence, or mistake—to appear or otherwise defend its interests, is a legal question that we review for errors of law. *See Hiatt*, 279 Or at 576-77 (where trial court's excusable neglect ruling is reversed, appellate court has made overriding legal determination as to reasonableness of excuse). Finally, where a trial court determines that a cognizable ground for relief has been shown, the decision whether to grant relief requires the court to exercise its discretion and, if it decides to grant relief, to do so on terms that are just. *Stevenson v. U.S. National Bank*, 296 Or 495, 498, 677 P2d 696 (1984). In exercising such discretion (again, where a cognizable ground for relief has been established), this court has stated that "the courts are liberal in granting relief, for the policy of the law is to afford a trial upon the merits when it can be done without doing violence to * * * established rules of practice that have grown up promotive of the regular disposition of litigation." *Wagar v. Prudential Ins. Co.*, 276 Or 827, 833, 556 P2d 658 (1976) (quoting *McFarlane v. McFarlane*, 45 Or 360, 363, 77 P 837 (1904)).

To summarize: Conclusions that a trial court reaches under ORCP 71 B as to whether a moving party's neglect, inadvertence, surprise, or mistake constitute cognizable grounds for relief, are legal rulings that an appellate court reviews for errors of law. If, in the course of reaching such a conclusion, a trial court makes express or implied findings on issues of disputed fact, an appellate court will accept those findings if they are supported by evidence in the record. If the trial court concludes that a moving party has shown a cognizable ground for relief from the judgment, the court must make a further discretionary decision, consistent with principles promotive of the regular disposition of litigation, whether and, if so, on what terms, to relieve the party from the judgment. An appellate court reviews such a ruling for abuse of discretion.

---

[10] *Rogue Valley* construed *former* ORS 18.160 (1979), *repealed by* Or Laws 1981, ch 898, § 53, which was substantially identical to ORCP 71.

As noted, defendants in this case argue that the judgment should be set aside under ORCP 71 B(1) based on multiple overlapping grounds. In general, defendants' arguments before the trial court and on appeal and review have conflated the grounds of mistake, inadvertence, surprise, and excusable neglect, and have treated those terms interchangeably. *Cf. Terlyuk v. Krasnogorov*, 237 Or App 546, 551 n 3, 240 P3d 740 (2010) (noting that motions to set aside judgments simply cited "mistake, inadvertence, surprise or excusable neglect" and conflated that phrase as though it was one word). That said, reasonably understood, defendants have essentially argued throughout that any omissions on their part constituted excusable neglect or were mistakes and that errors that plaintiff, the arbitrator, and the trial court made in serving them with case-related documents required relief from the judgment. Accordingly, for purposes of our review, we conclude that defendants have adequately raised and developed arguments based on two grounds for relief under ORCP 71 B: Excusable neglect and mistake. We now address those arguments.

## B.   *Excusable Neglect*

Defendants assert that their failure to adequately protect their interests in this action was due to excusable neglect because, although they took steps to answer the complaint, that process failed on account of their erroneous belief that Ean had legal authority to file an answer for them, and because they reasonably assumed that notices and pleadings would be mailed to them or to Ean and that Ean's failure to receive his mail was excusable. Although not precisely on point (because an answer actually was filed in this action), those arguments are similar to arguments that other defendants have made in cases where they either took steps or had procedures in place to respond to service of a summons and complaint, but the process failed and a default judgment was taken against the defendants for failure to appear.

For example, in *Wagar*, 276 Or 827, the defendant's agent for service of process in Oregon was served with summons and complaint; on the same day, the agent mailed the summons and complaint to the defendant's legal department

in Los Angeles for assignment to defense counsel in Oregon. The summons and complaint never arrived in the defendant's legal department, however, and the defendant was unaware that the complaint had been filed until after a default judgment was entered. At the hearing on the defendant's motion to set aside the default judgment, an attorney from its legal department testified that the defendant's system for responding to legal actions had not failed in almost 20 years. The trial court, however, concluded that the mailing by defendant's agent of the summons and complaint by ordinary mail, without any follow up procedure, constituted inexcusable neglect. On review, this court held that the trial court had erred in denying the motion to set aside the judgment because, although mail service is imperfect, it was the method on which society relied, and the defendant had proceeded in a reasonable manner to protect its interests. *Id.* at 833.

In another case, *Lowe v. Institutional Investors Trust*, 270 Or 814, 529 P2d 920 (1974), service was made on an assistant to the defendant's executive vice president. The assistant stated in an affidavit that he routinely forwarded legal documents served on him to the defendant's legal department with an explanatory memorandum, placing a copy of the memorandum in his files. However, he had no recollection of receiving service in the action at hand and had found no record of it in his files. In those circumstances, this court held that the trial court had not erred in denying a motion to set aside the default judgment. *Id.* at 819.

In contrast to *Lowe*, in *Hiatt*, 279 Or 569, the defendant's mailroom employee received the summons and complaint. His instructions were to forward any legal documents to the legal department, which he usually did. In that case, however, the legal department did not receive the summons and complaint, and the mailroom employee had no memory of receiving process, so he was unable to explain what had happened. Noting that that explanation was plausible, this court concluded that those facts amounted to excusable neglect as a matter of law and reversed the trial court's denial of the motion to set aside the judgment. *Id.* at 577. In so concluding, this court distinguished *Lowe* because that case involved personal service on a corporate executive

whose duties included acting as the corporate agent to receive service of process. *Id.* at 578.

*Wagar*, *Lowe*, and *Hiatt* illustrate that reasonable but ineffectual actions taken in response to service of process may establish excusable neglect. *See McFarlane*, 45 Or at 363 (if moving party presents "reasonable grounds excusing *** default," courts generally grant relief). It was reasonable in *Wagar* for the defendant to follow its established practices and use the mail system, which was the means of communication generally relied on in broader society. And, it was reasonable in *Hiatt* for the defendant to rely on a mailroom employee to forward legal documents to the legal department. In *Lowe*, however, it was not reasonable for the defendant's corporate executive who was responsible for receiving service to lose the summons and complaint and not retain any record of them.

Although those cases each involved default judgments and corporate defendants, the principle of reasonableness that they illustrate also applies in this case, where defendants' ultimate failure to appear and defend was analogous to a default. Any actions taken or omitted by defendants must have been reasonable to show that their neglect was excusable.

As noted, defendants argue that they reasonably assumed that notices and pleadings would be mailed to them or to Ean and that Ean's failure to receive his mail was excusable. And, as further noted, in affidavits supporting defendants' motion, Ron and Ean both asserted that they had discussed the case weekly and had wondered why they had not received further information. Defendants and Ean also stated that they had not received any case-related documents from the court, plaintiff, or the arbitrator before Ean received the notice of entry of judgment.

The trial court, however, concluded as a matter of law both that defendants' choice to rely on their son—a nonlawyer who had no legal authority to represent them—to protect their interests was not reasonable and that Ean's failure to receive case-related documents by mail was not excusable. As to the first point, although defendants claimed that they had authorized Ean only to file an answer for them

but otherwise had intended to defend the action themselves, the trial court further concluded that defendants had failed to exercise reasonable diligence by not contacting the court or plaintiff's attorney to ascertain the status of the action. Although Ron Miller stated that he had talked to one of plaintiff's employees and had assumed that the case would be dropped, the trial court concluded that it was unreasonable for defendants not to have contacted the court or plaintiff's attorney to ascertain the status of the case.

In reaching the legal conclusion that defendants' choice to rely on their son was unreasonable, the trial court did not err. Although defendants had a right to proceed *pro se* in defending the action, their choice to use Ean to file an answer on their behalf and to allow him to designate his own address as theirs, together with their failure to contact the court or plaintiff's attorney to ascertain the status of the case after the answer was filed, were particularly unreasonable in light of the length of time—nearly 11 months—that transpired between the filing of their answer (August 30, 2010) and Ean's receipt of the notice of entry of judgment (July 18, 2011).[11] *See Coleman*, 216 Or at 135 ("hardly credible" that a defendant would not contact attorney for over four months if the defendant believed that attorney was handling matter).

As to defendants' argument that neither they nor Ean had received any case-related documents from plaintiff or the court, evidence in the record supported the trial court's finding that "I guess I just don't buy that." In view of the fact that Ean acknowledged having received the notice of entry of the general judgment that was mailed to the La Grande address, the trial court reasonably inferred that, despite their denials, Ean and defendants likely had in fact received earlier case-related documents sent by mail to the same address and had ignored them. *See id*. at 135-36 (uncontradicted statements in the defendants' affidavits that they did not realize default could be taken against them did not have to be taken at face value where defendants'

_____

[11] Moreover, Ron Miller was served with summons and complaint by substituted service in November 2010, so defendants knew that the matter had not been dropped at that point in time.

interest in litigation may tempt them to testify falsely); *see also Hiatt*, 279 Or at 576.

Based on the facts that it found, the trial court did not err in concluding, as a matter of law, that defendants' neglect in failing to protect their interests was inexcusable. It follows that the court did not err in denying defendants' motion to set aside the general judgment on the ground of excusable neglect.

C. *Mistake*

We turn to defendants' argument that the judgment should have been set aside on the ground of mistake because they erroneously had believed that their son—a layperson—had legal authority file an answer for them.[12] This court has not often addressed mistake as a ground for setting aside a judgment under ORCP 71 B(1). In cases where this court has concluded that a judgment should be set aside due to mistake, however, the moving party invariably had taken reasonable steps to protect its interests. *See, e.g.*, *Newbern v. Gas-Ice Corporation*, 263 Or 250, 254, 501 P2d 1294 (1972) (holding that trial court did not err in setting aside judgment where attorney mistakenly but reasonably believed motion for judgment on pleadings pertained to different action between same parties when he stated that plaintiff would not contest motion); *Federal Reserve Bank of S.F. v. Weant*, 113 Or 1, 4-5, 231 P 134 (1924) (holding that trial court erred in denying motion to set aside judgment where defendant failed to appear due to mistaken but reasonable belief that separate bankruptcy proceeding terminated plaintiff's right to proceed with foreclosure); *McFarlane*, 45 Or at 363-65 (holding that trial court erred in denying motion to set aside default judgment where attorney made mistake of law by specially appearing to challenge jurisdiction, but did not file answer, because strategic course that attorney pursued was only way to present questions vital to defense).

In this case, the trial court concluded as a matter of law that defendants' failure to diligently protect their interests precluded relief from the judgment. We agree. As

---

[12] As elaborated below, the Court of Appeals reversed the trial court's ruling on the ground of mistake, albeit based on a somewhat different theory of mistake than the one that defendants have argued throughout this case.

discussed, defendants did not contact the court or plaintiff's attorney to ascertain the status of the case during the 11 months between the filing of the answer and when they received notice of entry of judgment. Nor did defendants provide plaintiff, the trial court, or the arbitrator, with a different mailing address from the one that Ean had designated for them in the answer that he filed. In sum, irrespective of defendants' erroneous belief that their son could represent them, defendants did not take other reasonable steps that would have protected their interests. Under those circumstances, the trial court did not commit legal error in denying the motion to set aside the judgment based on the purported mistake on which defendants have relied.

Nevertheless, the Court of Appeals concluded that the judgment must be set aside due to a different set of mistakes. In the Court of Appeals' view, the judgment should have been set aside because notices and other case-related documents were not mailed to defendants' "last known address" as required by ORCP 9 B. Although defendants did not specifically couch such an argument in terms of mistake before the trial court, as noted, defendants did complain about the mailing of case-related documents to the La Grande address, rather than to their residence address in Wisconsin.[13] Because, broadly interpreted, defendants' arguments before the trial court could be understood as asserting that mailing errors made by plaintiff and the arbitrator qualified as cognizable mistakes under ORCP 71 B, we address the rationale on which the Court of Appeals reversed the trial court's ruling.[14]

---

[13] In their brief and at oral argument, defendants stated that plaintiff's alleged failure to properly serve them under ORCP 9 B should be characterized as fraud, misrepresentation, or misconduct pursuant to ORCP 71 B(1)(c), rather than mistake under ORCP 71 B(1)(a). Nothing in the record suggests any such intentional misconduct on the part of plaintiff.

[14] This court previously has held that a mistake under ORCP 71 B need not be made by the moving party. *State v. Ainsworth*, 346 Or 524, 533-34, 213 P3d 1225 (2009) ("Under [*former*] ORS 18.160[ (1979)], a court could 'relieve a party from a judgment *** taken *against him* through his mistake, inadvertence, surprise or excusable neglect.' ORCP 71 B, in contrast, permits a trial court to relieve a party from judgment based on 'mistake, inadvertence, surprise, or excusable neglect,' without regard to who made the mistake (or other error) and without regard to whether judgment was taken 'through' that mistake (or other error)." (Emphasis in original.)).

Because the Court of Appeals' decision depended on its understanding of the meaning of ORCP 9 B, we review that court's construction of the rule as a matter of law. *See Russell v. Sheahan*, 324 Or 445, 449, 927 P2d 591 (1996). As noted, ORCP 9 B requires case-related documents to be mailed to an unrepresented party's "last known address." To determine the meaning of that phrase in a rule such as ORCP 9 that was promulgated by the Council on Court Procedures, we examine the text, context, and history of the rule to discern the intent of the Council on Court Procedures.[15] *A. G. v. Guitron*, 351 Or 465, 479, 268 P3d 589 (2011). Nothing in the text or context of ORCP 9 specifies how a party serving case-related documents is to determine the "last known address" of another party. But the phrase consists of words of common usage, to which we ascribe their ordinary meanings. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). The word "last" means "most recent." *Webster's Third New Int'l Dictionary* 1274 (unabridged ed 2002) (defining "last" as, *inter alia*, "most recent"). "Known" means "that is apprehended or perceived by the mind or senses." *Id*. at 1253. That term is broad enough to encompass knowledge acquired from any source. In the realm of civil litigation, the most common source of knowledge of a party's address ordinarily is notice that the party provides to the court and other parties. *See, e.g.*, UTCR 2.010(14) (providing that a "self-represented party whose court contact information changes must immediately provide notice of that change to the trial court administrator and all other parties"). Finally, as pertinent here, "address" means "the designation of a place (as a residence or place of business) where a person or organization may be found or communicated with." *Webster's* at 25. Thus, a party's last known address under ORCP 9 B must be a particular location, but that location is not limited—either by the text or context of the rule—to the party's residence address. *Cf*. ORCP 7 D(4) (a)(i)(A) (authorizing service by mail in motor vehicle accident cases at "any *residence* address provided by that defendant at the scene of the accident" (emphasis added)). In sum, the last known address of a party for purposes of ORCP 9 B

---

[15] We note that neither party has offered a statutory construction analysis of ORCP 9 to ascertain the meaning of the term "last known address."

is the most recent place at which another party knows that the party can be found or communicated with.

That common-sense meaning is supported by the history of ORCP 9. That rule was promulgated by the Council on Court Procedures in 1978 and modeled after FRCP 5 and Rhode Island Rule of Civil Procedure 5, which described the same practice generally followed in Oregon at the time. Council on Court Procedures, 4 *Legislative History Relating to Promulgation of Oregon Rules of Civil Procedure (1/1/78 through 12/31/78)*, June 28, 1978 Draft and Proposed Comment to Rule 6, 33 (1979). Oregon's previous procedural requirements for service by mail were codified in *former* ORS 16.790 (1977), which was replaced by ORCP 9. Council on Court Procedures, Staff Comment to Rule 9, *reprinted in* Frederic R. Merrill, *Oregon Rules of Civil Procedure: A Handbook* 28-29 (1981). *Former* ORS 16.790 (1977) provided for service by mail to a party's "regular office address, or [the party's] address as last given by [the party] on any document which [the party] has filed in the cause and served on the party making service by mail." If the party did not maintain a regular office or if the party's filed documents did not specify an address, service by mail could be accomplished at the party's usual place of abode. *Former* ORS 16.790 (1977).

It is notable that *former* ORS 16.790 (1977) expressly provided that a party's address for purposes of mailing case-related documents could be the address last given in the party's filed submissions. Because the Council on Court Procedures intended for ORCP 9 to generally follow Oregon's then-current procedures for service by mail, the address that a party includes in pleadings filed with the court can be the party's "last known address" under ORCP 9 B. That is particularly true where, as in this case, pursuant to court rule, an unrepresented party is required to keep the trial court advised in writing of the party's current mailing address. *See* UTCR 2.010(14); *see also* Union and Wallowa Circuit Court Supplementary Local Rule (SLR) 2.012(2). In this case, plaintiff, the arbitrator, and the court mailed pleadings and notices to the La Grande address that was last provided as "defendants' address" in the answer that Ean filed pursuant to the powers of attorney that defendants

had executed. That address was the only address that defendants or Ean ever provided to plaintiff, the arbitrator, and the trial court.[16]

It is true, as the Court of Appeals pointed out, that Ron Miller was served with summons and complaint at defendants' residence in Wisconsin *after* Ean filed the answer designating the La Grande address as defendants' mailing address. However, irrespective of the address provided in the answer, plaintiff was required to perfect substituted service of summons and complaint on Ron Miller at his residence address. *See* ORCP 7 D(2)(b).[17] ORCP 7 D(2)(b) permits substituted service of summons and complaint at a person's "dwelling house or usual place of abode." Plaintiff's compliance with that requirement did not necessarily mean that defendants' residence address for purposes of substituted service of summons and complaint was their "last known address" for purposes of ORCP 9 B. The comment to Rule 9 indicates that that rule governs the "serving and filing of papers subsequent to the summons and original complaint." Council on Court Procedures, Staff Comment to Rule 9, *reprinted in* Merrill, *Oregon Rules of Civil Procedure: A Handbook* at 28-29. In the answer that defendants authorized Ean to file, defendants designated the La Grande address as their address for purposes of serving them with post-summons and complaint documents under ORCP 9, even though their residence address in Wisconsin was the

---

[16] It bears emphasis that, in their declarations, defendants stated that they had not heard anything from Ean, the court, or plaintiff, until Ean informed them that the judgment had been entered. If they had not expected that case-related documents would be sent to the La Grande address, they would not have had any reason to expect Ean to receive case-related documents for them.

[17] ORCP 7 D(2)(b) allows for substituted service and provides:

"Substituted service may be made by delivering true copies of the summons and the complaint *at the dwelling house or usual place of abode* of the person to be served to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served. Where substituted service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed by first class mail true copies of the summons and the complaint to the defendant at defendant's *dwelling house or usual place of abode*, together with a statement of the date, time, and place at which substituted service was made. For the purpose of computing any period of time prescribed or allowed by these rules or by statute, substituted service shall be complete upon the mailing."

(Emphasis added.)

proper address for substituted service of summons and complaint. In doing so, defendants designated the La Grande address as their "last known address" for purposes of ORCP 9 B.

Defendants have not drawn our attention to any principle—and we are aware of none—that prevented them from designating the La Grande address as such through their attorney in fact, irrespective of his lack of authority to represent them as an attorney at law in this action. Under the presenting circumstances, we conclude as a matter of law—based on our construction of ORCP 9 B—that plaintiff and the arbitrator did not make mistakes within the contemplation of ORCP 71 B(1) by mailing post-summons and complaint case-related documents to defendants at the La Grande address.

Even if that were not so, though, we cannot ignore the role that defendants played in facilitating the purported mistakes on which the Court of Appeals relied. If the La Grande address had not been designated in defendants' answer, the only address that plaintiff, the arbitrator, and the court would have had for defendants would have been the address where service of summons and complaint was perfected in Wisconsin. However, defendants authorized and directed Ean to file the answer on their behalf, and that answer designated the La Grande address as defendants' address. Defendants do not contend that they were unaware that Ean made that designation, nor do they contend that they ever took any steps to change that designation. In short, even if plaintiff, the circuit court, or the arbitrator were mistaken in treating the La Grande address as defendants' last known address, defendants were complicit in those mistakes. Therefore, we conclude that, even if the La Grande address had not been defendants' last known address for purposes of ORCP 9 B, the trial court would not have abused its discretion in denying defendants' motion to set aside the judgment based on the theory of mistake on which the Court of Appeals relied. *See King v. Mitchell*, 188 Or 434, 441, 214 P2d 993 (1950) ("'If the moving party makes a clear and unquestionable showing that he has a good defense or cause of action on the merits, of the benefit of which he has been deprived *without fault on his part*, the

court has no discretion to deny him relief, and should it do so, its action will be set aside, and proper relief ordered by the appellate court.'" (Quoting A.C. Freeman, 1 *A Treatise on the Law of Judgments* § 291, 578 (5th ed 1925) (emphasis added)).

In sum, we conclude that (1) the trial court did not commit legal error in concluding that defendants were not entitled to relief from the judgment in this action on the grounds of excusable neglect and mistake on which defendants relied; (2) the Court of Appeals erred in concluding based on ORCP 9 B that plaintiff and the arbitrator mistakenly failed to mail case-related documents to defendants' last known address; (3) even if case-related documents mistakenly had not been mailed to defendants' last known address under ORCP 9 B, the trial court would not have abused its discretion in denying defendants' motion based on their complicity in and facilitation of those mistakes; and (4) the trial court therefore did not err in denying defendants' motion to set aside the judgment.

The decision of the Court of Appeals is reversed. The order of the circuit court denying defendants' motion to set aside the general judgment and the supplemental judgment awarding costs and attorney fees to plaintiff are affirmed.