Submitted July 7, reversed and remanded October 11, 2023

In the Matter of the Marriage of

Katherine E. YOCUM,
*Petitioner-Respondent,*
*and*

Lachlan D. POCKETT,
*Respondent-Appellant.*

Multnomah County Circuit Court
16DR17840; A178935

537 P3d 979

Father appeals from a supplemental judgment that increased his child support obligation based on the trial court's determination that his potential income was higher than his actual income. The court imputed a potential monthly income of $12,500 after it found that father voluntarily opted out of his field as a published research scientist. On appeal, father contends, among other arguments, that the court erred by imputing a $12,500 potential monthly income and setting his child support obligation at $1,025 per month. *Held*: The Court of Appeals concluded that, although mother presented evidence of father's significant education and job history, the record lacked sufficient evidence to support the trial court's attribution to father of a present, nonspeculative earning capacity of $12,500 per month. Accordingly, because the court's imputation of potential income in that amount to father was not supported by the record, it erred in calculating father's support obligation.

Reversed and remanded.

Susan M. Svetkey, Judge.

George W. Kelly filed the briefs for appellant.

Katherine Yocum filed the brief *pro se.*

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

In this domestic relations case, father appeals from a supplemental judgment increasing his monthly child support obligation. The supplemental judgment modified and replaced an existing support order based on the trial court's conclusion that father's potential income was higher than previously established. In four assignments of error, father contends that the court erred by (1) denying him the right to cross-examine mother at the hearing to modify the support order; (2) imputing to him a potential income of $12,500 per month and setting his child support obligation at $1,025 per month; (3) crediting mother with childcare expenses of $589 per month and 245 overnights per year; and (4) backdating the support award. We agree that the record lacks sufficient evidence to support the court's attribution to father of a present, nonspeculative earning capacity of $12,500 per month. Accordingly, we reverse and remand for recalculation of the support obligation.

Neither party has requested that we review *de novo*, and this case does not present exceptional circumstances justifying our exercise of discretion to review under that standard. *See* ORS 19.415(3)(b) (describing discretionary *de novo* review); ORAP 5.40(8)(c) (explaining that we exercise *de novo* review "only in exceptional cases"); ORAP 5.40(8)(d) (outlining nonexclusive list of criteria relevant to whether we will exercise our discretionary authority to review *de novo*). Accordingly, we are bound by the trial court's explicit and implicit findings of historical fact as long as they are supported by any evidence in the record, and we review the trial court's legal conclusions for errors of law. *Colton and Colton*, 297 Or App 532, 534, 443 P3d 1160 (2019); *Bock and Bock*, 249 Or App 241, 242, 275 P3d 1006 (2012). Consistent with that standard of review, we set out only a limited recitation of the facts as necessary to resolve each assignment of error.

The parties were married in 2012 and share one joint child. In 2019, the trial court entered a dissolution judgment in which the parties agreed to joint custody and equal parenting time of child, with no support obligations. In 2020, father sought modification of the judgment by seeking sole custody of child and advancing allegations of abuse

against mother. The court determined that those allegations were unfounded and issued a supplemental judgment awarding mother sole legal custody and reducing father's parenting time. Mother then sought modification of father's support obligation, and the court held a show cause hearing before issuing the supplemental judgment that father now challenges on appeal.

In his first assignment of error, father contends that the court erred by denying him the right to cross-examine mother at the hearing. As we explain, however, that argument was not preserved. Generally, any claim of error that was not raised before the trial court will not be considered on appeal. *State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011); *see also* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule[.]").

Both parties were unrepresented at the hearing, and both offered testimony and entered exhibits as evidence. In the middle of father's testimony, he told the court that he would "like to ask [mother] questions. Do I need to get her on the stand or anything or?" The court told him, "Why don't you finish and we'll see if we have enough time for that." Father responded, "[w]ell, I can just provide an exhibit." The court admitted father's exhibit, and he continued his testimony until the court continued the hearing until a later day. At the continued hearing, the court allowed father further testimony, telling him that he could proceed however he wanted. Father offered additional testimony and exhibits, at the conclusion of which the court asked him, "Is there any other evidence or any other witness who you want to present?" Father declined. Thus, father never raised the issue of cross-examining mother at an appropriate time, despite opportunities to do so. Accordingly, because father failed to preserve his argument under his first assignment of error, we decline to address the merits of his argument.

Father next argues that the court erred by imputing to him a potential income of $12,500 per month and setting his child support obligation at $1,025 per month. He asserts that the record establishes that his actual income

is $900 per month. In calculating child support obligations, the court may impute potential income to the parent when the parent's actual income is less than their potential income. OAR 137-050-0715(6). The term "potential income" means "the parent's ability to earn based on relevant work history, including hours typically worked by or available to the parent, occupational qualifications, education, physical and mental health, employment potential in light of prevailing job opportunities and earnings levels in the community, and any other relevant factors." OAR 137-050-0715(3).

Although father's actual income comes from a mobile sauna business that he operates, the court found that father voluntarily opted out of employment in his field as a published research scientist. Father quit working in that field over 10 years ago to pursue his PhD, which he had not yet completed. The record includes father's resume, which shows his prior work as an engineering and computer science specialist; it also includes an occupation profile from the Oregon Employment Department, which shows the average annual salary in the Portland Tri-County area for "Computer and Information Research Scientists" to be $151,362. Father, who lives in the Portland area, testified that he had recently looked for jobs in his field but had found none that he was qualified for.

The court found that father had not demonstrated a good faith effort to find a job in his field and concluded that, based on his "education, experience, publication history, * * * [and] the average annual income for the Portland tri-county area for a Computer Information Research Scientists, and the estimate on annual openings in the field," father's potential income was $150,000 per year. Imputing that figure as father's potential income, the court set father's monthly child support obligation at $1,025. As noted earlier, father challenges the trial court's determination, contending that the record lacks sufficient evidence to support its ruling. We agree with father's argument.

Two rules inform when a court may use a parent's potential income instead of that parent's actual income: "(1) if one spouse contends that the other's earning capacity exceeds his or her actual income as established at trial,

the former bears the burden of establishing that fact and (2) that burden can be sustained only by reference to non-speculative evidence of present earning capacity, and mere reliance on attenuated earning history is legally insufficient." *Andersen and Andersen*, 258 Or App 568, 584, 310 P3d 1171 (2013) (emphasis omitted). Here, although mother presented evidence of father's significant education and job history, the record as a whole lacked nonspeculative evidence showing that father was presently capable of earning $150,000 per year. Father testified that his specialty was in "stereoscopy" and that work in that field required "up-to-date knowledge and recent work experience." He explained that he abandoned that line of work 11 years ago: "My skills are outdated. My exposure to the technology is antiquated and my recent experience is nonexistent." The record further shows that father did part-time work in the field of stereoscopy for a short period in 2016, for which his income equated to $7,500 per month had it been full time. That work, he testified, took him three years to find and no full-time work was available. Father has not completed his PhD in the applicable field, and, outside of that part-time work in 2016, the only other paid employment father has done in the past 11 years is with his mobile sauna business. Thus, although there is evidence in the record that supports the conclusion that father is capable of earning more than his reported actual income, that evidence does not support the court's attribution to father of a present, nonspeculative earning capacity of $150,000 per year. Accordingly, because the court's imputation of potential income in the amount of $150,000 to father was not supported by the record, it erred in calculating father's child support obligation.

In his third assignment of error, father contends that the court erred in crediting mother with $589 in monthly childcare expenses and 245 overnights annually with child. Father contends that the $589 amount was error because mother testified that her weekly childcare expenses were $76.50 and, if calculated over a 52-week year, it would total just $331.50 per month. Although mother testified that she pays $76.50 per week for an afterschool childcare program, she also testified that she pays for childcare in the summer and other non-school days. Further, the record

contains receipts for various sports-related activities that child attends when mother is working and child is not in school. Thus, the court's finding of $589 per month in child-care expenses is supported by the record.

Father also argues that the trial court erred in attributing mother with 245 nights per year with child. In his view, the supplemental judgment provides that child is with mother 224 nights per year and with him for 141 nights per year. The supplemental judgment does not specify the number of overnights child has with each parent; rather, it provides that father has child every Wednesday night, every other weekend (Friday night through Monday morning), and the parties are to alternate each holiday each year. The parties submitted competing calculations to the trial court but did not raise their arguments at the hearing, and the court adopted mother's calculation over father's approach. Thus, our review on the issue is limited to the parties' written submissions. In reviewing that record, we are not persuaded by father's argument on appeal that the court committed reversible error in adopting mother's calculation. *See Malpass and Malpass*, 255 Or App 233, 234, 296 P3d 653 (2013) (explaining that "we are bound by the trial court's findings of historical fact as long as they are supported by any evidence in the record").

Finally, father argues in his fourth assignment of error that the trial court erred by retroactively applying the support award in an amount higher than mother requested. Father, however, cites no authority as to why the support award should not be retroactively applied, nor did he raise that argument below. Because that argument was not preserved, we do not address it. Moreover, given that we reverse and remand on father's second assignment of error, the trial court will have to determine whether any support award will be applied retroactively or not. *See* ORS 107.135(6) (providing that modification of a child support order may be "effective retroactive to the date the motion for modification was served or to any date thereafter").

In sum, although the record contains evidence of father's significant education and job history, it lacks non-speculative evidence showing that father was presently

capable of earning the potential income imputed to him. Accordingly, we reverse and remand for recalculation of the support obligation.

Reversed and remanded.