854 March 18, 2026 No. 211

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Cory Rosa BOLKAN,
*Petitioner-Respondent,*
*and*

Christopher Winfield FORSBERG,
*Respondent-Appellant.*

Multnomah County Circuit Court
17DR00684; A182284

Maurisa R. Gates, Judge.

Argued and submitted January 8, 2026.

Andrew W. Newsom argued the cause and filed the opening brief for appellant. Also on the reply brief was Holtey Brown Newsom, LLC.

Peter Bunch argued the cause for respondent. Also on the brief was The Law Firm of Peter Bunch, LLC.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Father appeals from a supplemental judgment that, among other things, modified his child support payments. Father assigns error to the trial court's modification of child support, contending that the court erred in imputing an income to father that assumed he could work full time when, according to father, he could only work his current part-time job. For the reasons briefly discussed below, we reject father's assignment of error and affirm.

A full recitation of the facts would not benefit the bench, bar, or public. We discuss some of the key facts within our legal analysis below. We are bound by the trial court's explicit and implicit findings of fact if there is any evidence to support them. *Yocum and Pockett*, 328 Or App 613, 614, 537 P3d 979 (2023). We review the court's legal conclusions for legal error. *Id.* We review the child support award and the decision to impute income for abuse of discretion. *See Andersen and Andersen*, 258 Or App 568, 570, 310 P3d 1171 (2013) (stating standard for review of a child support award); OAR 137-050-0715(6) (stating that if the parent's actual income is less than their potential income, the court "may impute potential income to the parent").

Father maintained in the trial court that his circumstances had changed when he started working part time and that the court should not impute full-time income to him because he could not acquire or retain full-time work. Relying on *Yocum* and *Andersen*, father contends that the trial court erred in imputing a full-time salary to him because it would be speculative based on the record for the court to find that he is able to work full time. *See Yocum*, 328 Or App at 616-17 (citing *Andersen* and explaining that a spouse may demonstrate the other's earning capacity exceeds actual income by meeting their burden to show "nonspeculative evidence of present earning capacity"). Father testified that he had to move to part-time work after he experienced a substance-abuse relapse that caused him to lose one of his jobs. By the time of the hearing in March 2023, father had been sober for nine months.

The trial court acknowledged that father had issues with mental health and sobriety and that he had reduced

his schedule to 60 percent time at work, but the court never-theless considered the income that father "can potentially make as he progresses in his sobriety and overall wellbe-ing." Father argues that it was speculative for the trial court to find that father could make a full-time salary when he had left one of his two part-time jobs and could not find full-time work. Father contends that the evidence shows he was effectively fired from one of the part-time jobs. Father did testify in the trial court that he "thought" he would get fired and that is why he had to leave one of the jobs. But, even assuming that his belief was true, the court did not have to credit that testimony. Indeed, there was contrary evidence from father's testimony and his own resignation letter that father "decided to leave my current position to focus on my family and take a step back from leadership responsibili-ties." The trial court could credit that evidence and it would support the trial court's implicit finding that father volun-tarily left full-time work and was not fired nor incapable of working full time. On that record, it was not speculative for the court to conclude that father had the capacity to earn a full-time salary.

We also reject father's contention that the court abused its discretion in setting the child support because it was "unfair" given his unusual expenses relating to the costs required to demonstrate his ongoing sobriety. Father has not demonstrated that the trial court abused its discre-tion. As a result, we affirm.

Affirmed.