782                    June 17, 2026                    No. 568

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Terry Tyrone KERWIN,
Personal Representative of the Estate of Terence Kerwin,
*Plaintiff-Respondent,*

*and*

Margie KERWIN
or current Trustee of the Margie Kerwin Living Trust,
u.d.d. November 6, 1995,
*Defendant-Respondent,*

*v.*

Alex Joe SALKO
and Angie Howe,
*Defendants-Appellants.*

Shawna FARIA,
Personal Representative of the Estate of Margie Kerwin,
*Cross-Claim Plaintiff-Respondent,*

*v.*

Alex Joe SALKO
and Angie Howe,
*Cross-Claim Defendants-Appellants.*

Jackson County Circuit Court
21CV15213; A185601

David J. Orr, Judge.

Argued and submitted May 12, 2026.

Christopher L. Cauble argued the cause for appellants. Also on the briefs was Cauble Furr & Beguin, LLP.

Connor D. King argued the cause and filed the brief for respondent Terence Kerwin and joined the brief of respondent Shawna Faria.

Eugene V. Anderson and Davis, Hearn, Anderson & Selvig filed the brief for respondent Shawna Faria.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellants appeal from the trial court's denial of their motion to set aside a judgment of default entered against them. They moved to set aside the default judgment on the basis that although they were served with the cross-claims against them, soon after service their attorney withdrew without adequately impressing upon them the need to answer those claims. In light of that, appellants argued that their failure to respond to the complaint constitutes excusable neglect under ORCP 71 B.

The trial court denied the motion and appellants reprise their arguments on appeal. We have reviewed the trial court's findings, which we defer to on appeal, *Union Lumber Co. v. Miller*, 360 Or 767, 777, 388 P3d 327 (2017), and conclude that the trial court did not abuse its discretion in denying the motion. *See Ballard v. City of Albany*, 221 Or App 630, 636, 191 P3d 679 (2008) (observing that we will not disturb a determination that conduct did not amount to excusable neglect except for manifest abuse of discretion). We find particularly significant that the trial court had specifically advised the appellants—after they had been served with the cross-claims and after their counsel had withdrawn—that they had to take action to respond to the cross-claims because they were a "fresh lawsuit against you" and "it needs to be answered."

Affirmed.