Submitted November 4, affirmed December 2, 2015, petition for review denied February 18, 2016 (358 Or 611)

In the Matter of A. C.-E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. C.-C.,
*Appellant.*

Washington County Circuit Court
J120312;
Petition Number 01J120309M;

In the Matter of A. C.-E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. C.-C.,
*Appellant.*

Washington County Circuit Court
J120313;
Petition Number 01J120309M;

In the Matter of D. C.-E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. C.-C.,
*Appellant.*

Washington County Circuit Court
J120314;
Petition Number 01J120309M;

In the Matter of M. C.-E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. C.-C.,
*Appellant.*

Washington County Circuit Court
J120315;
Petition Number 01J120309M;

A159381

365 P3d 533

Megan L. Jacquot filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Garrett, Judge, and Schuman, Senior Judge.

LAGESEN, P. J.

**LAGESEN, P. J.**

In this dependency proceeding, father appeals an order denying his motion to dismiss for lack of personal jurisdiction. Father lives in Mexico. The proceeding involves father's four children, who live in Oregon. The issue on appeal is whether the juvenile court erred in denying father's motion to dismiss the case on the ground that the Department of Human Services (DHS) failed to serve the summons on father in the manner required by the Hague Service Convention, 20 UST 361, thereby depriving the juvenile court of personal jurisdiction over father. We affirm, concluding that father waived his objections to the defects in service by participating in the dependency proceeding for more than two years without raising his objections to the sufficiency of service.

The facts pertinent to the issue on appeal are not disputed. DHS sent a summons for the proceeding to father in Mexico in August 2012. DHS did so by a delivery service that required a signature at delivery. The parties agree that that method did not comply with the requirements of the Hague Service Convention. The Convention mandates that service of civil complaints, including juvenile dependency petitions, be made through the Mexican Central Authority. *See In re Vanessa Q. v. Jose T.*, 187 Cal App 4th 128, 133-34, 114 Cal Rptr 3d 294, 298 (2010) (explaining requirements of the Hague Service Convention).

Notwithstanding the defects in service under the Hague Service Convention, father appeared in the proceeding—both personally by telephone, and through counsel—for more than two years before raising his objections to the sufficiency of service. During that time period, father participated in a range of different hearings. He also affirmatively invoked the assistance of the court by, for example, requesting continuances of hearing dates, and by requesting that the court order disclosure of protected information about his children for the purpose of helping the court and father prepare a plan for the reunification of father and his children.

Under those circumstances, the juvenile court was correct to conclude that father was not entitled to dismissal on the ground that DHS's service of summons did not comply with the Hague Service Convention. Under Oregon law, it has long been the case that a party claiming that a court lacks personal jurisdiction over the party because of a defect in service must raise that issue at the earliest possible occasion. *Pacific Protective Wear Distributing Co. v. Banks*, 80 Or App 101, 105, 720 P2d 1320 (1986).[1] If a party appears in a matter and requests relief that could only be granted if the court had jurisdiction, without promptly raising any issues about defects in service or lack of personal jurisdiction, then the party waives the ability to raise those issues. *Id.*; *see also Coleman v. Meyer*, 261 Or 129, 131, 493 P2d 48 (1972) ("[A] party waives all irregularities in the service of process when he appears generally and asks to plead and defend upon the merits of the case."); *Mayer v. Mayer*, 27 Or 133, 139, 39 P 1002 (1895) (concluding that a party who appears in court and "asks some relief which can be granted only on the assumption that the court has jurisdiction of his person * * * will be deemed to have entered a general appearance, and submitted himself to the jurisdiction of the court, as completely as if regularly served by process").

If that longstanding rule applies here, then father waived his objections to the defects in service by appearing and participating in the proceeding before the juvenile court in the way that he did. We are persuaded that that rule applies. That rule is a well-embedded part of Oregon civil practice. The parties point to nothing in the Hague

---

[1] Before the adoption of the Oregon Rules of Civil Procedure, a party wishing to contest personal jurisdiction or the sufficiency of service would do so by way of a special appearance for purpose of raising those issues. As a result of the adoption of the ORCPs, a party in a case governed by the ORCPs need not enter a special appearance in order to raise issues regarding personal jurisdiction or defects in service, but must still raise such issues at the earliest possible time. *Pacific Protective Wear Distributing Co.,* 80 Or App at 105; ORCP 21 G(1) (explaining circumstances under which defenses of insufficiency of service and lack of personal jurisdiction, among others, are waived). Regardless, the fundamental rule of practice is the same, whether or not a proceeding is governed by the ORCPs: A party waives objections to defects in service by appearing in court to seek relief that can be granted only on the assumption that the court has jurisdiction of the person, and the party does not, at the first possible occasion, object to the defects in service. *Id.*

Service Convention that would preclude application of that rule here, and we have identified nothing ourselves. Indeed, other courts likewise have concluded that objections to defects in service under the Hague Service Convention (like most—if not all—other kinds of defects in service) are waived under circumstances similar to those present here. *See, e.g., Vanessa Q.*, 187 Cal App 4th at 136-37, 114 Cal Rptr 3d at 299-301 (father waived objections to defective service under the Hague Service Convention when his lawyer appeared in court to request continuance without raising service defects at that time); *Photolab Corp. v. Simplex Specialty Co.*, 806 F2d 807, 811 (8th Cir 1986) (defendant waived objections to sufficiency of service under the Hague Service Convention when defendant did not raise the issue in an answer or motion to dismiss).

Additionally, we see nothing in the juvenile code to suggest that the legislature intended for a different rule to apply in dependency proceedings. On the contrary, the juvenile code indicates that the legislature generally intended that defects in service not obstruct the exercise of juvenile court jurisdiction, except when due process requires otherwise.[2] Requiring that a participant in a juvenile dependency proceeding raise any objections to the sufficiency of service at the earliest possible time, upon pain of waiver, is consistent with that expressed legislative intent.

For these reasons, we affirm the juvenile court's denial of father's motion to dismiss.

Affirmed.

---

[2] ORS 419B.836 provides:

"Failure to comply with provisions of ORS 419B.812, 419B.815, 419B.818, 419B.819, 419B.822 and 419B.839 relating to the form of summons, issuance of summons or who may serve summons does not affect the validity of service of summons or the existence of jurisdiction over the person if the court determines that the served person received actual notice of the substance and pendency of the action. The court may allow amendment to a summons or affidavit or certificate of service of summons. The court shall disregard any error in the content of summons that does not materially prejudice the substantive rights of the party to whom summons was issued. If service is made in any manner complying with ORS 419B.812 to 419B.839, the court shall also disregard any error in the service of summons that does not violate the due process rights of the party against whom summons was issued."