Submitted February 16, reversed and remanded April 19, 2017

Jerry C. REEVES,
*Plaintiff-Respondent,*

*v.*

Monty PLETT
and Shieree Plett, et al.,
*Defendants-Appellants.*

Clackamas County Circuit Court
16LT00515; A161806

395 P3d 977

Harry D. Ainsworth filed the brief for appellants.

Kathleen Marie Moura filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

LAGESEN, J.

Plaintiff landlord brought this forcible entry and wrongful detainer (FED) action to recover possession of residential premises that he rented to defendant tenants. *See* ORS 105.110; ORS 105.124. When landlord did not show up for trial, the trial court waited 33 minutes and then entered a judgment dismissing the case. Later, on landlord's motion under ORCP 71 B(1), the trial court entered an order setting aside that judgment of dismissal on the ground that it resulted from "mistake, inadvertence, surprise, or excusable neglect." Tenants appeal that order, asserting that the trial court erred in concluding that landlord's showing of "mistake, inadvertence, surprise, or excusable neglect" was legally sufficient under ORCP 71 B to permit the court to set aside the judgment. We agree and reverse.[1]

ORS 19.205(3) gives us jurisdiction over this appeal. *Mary Ebel Johnson, P.C. v. Elmore*, 221 Or App 166, 169, 189 P3d 35, *rev den*, 345 Or 301 (2008) (holding that an ORCP 71 B order setting aside a judgment is appealable under ORS 19.205(3)). The pertinent facts are procedural and not disputed. Landlord brought this eviction action under ORS 90.427(3) to evict tenants from residential real property. After the initial hearing, the trial date was set over once at the request of tenants and then, at landlord's request, it was again set over to March 3 at 9:00 a.m. The court sent written notice of the trial date and time to both parties by mail. The day before trial, the court left telephone messages with the lawyers for both parties reminding them of the upcoming trial.

On the day of trial, neither landlord nor landlord's lawyer appeared at 9:00 a.m. When, 33 minutes later, there was still "no sign of [landlord] or his attorney," the trial

_____

[1] The parties have informed us that tenants have voluntarily vacated the premises. That does not moot this appeal because a ruling in tenants' favor would reinstate tenants' entitlement to recover their attorney fees. *See Ramsum v. Woldridge,* 222 Or App 109, 114-15, 192 P3d 851 (2008) (concluding that the case was not moot because the judgments for costs and disbursements were still in controversy and necessitated a determination on the merits); *Bates v. Gordon,* 212 Or App 336, 341-42, 157 P3d 1219 (2007) ("Because the filing fee award is still in controversy and because the award depends on the correctness of the trial court's decision on the merits, thus having a practical effect on the rights of the parties, we conclude that the case is not moot.").

court entered a judgment dismissing the case and permitting tenants to file for attorney fees under ORCP 68.

One week later, landlord moved under ORCP 71 B(1)[2] to set aside the judgment of dismissal. He argued that he had missed the trial date due to "excusable neglect" within the meaning of the rule and asked the court to set aside the judgment. The evidence in support of his claim of excusable neglect consisted, in its entirety, of the following three paragraphs contained in a declaration from his lawyer:

"1. I am the attorney representing [landlord] and make this Declaration in support of his Motion to Set Aside Dismissal of Complaint and Judgment and Motion to Reset Trial Date.

"2. [Landlord] was set for a 9:00 am trial on March 3, 2016. [Landlord's] clerk mistakenly calendared the time at 10:00 a.m.

"3. [Landlord] showed up fully prepared for trial at Courtroom 7 at 10:00 am. [Landlord] apologizes to the Court and to [tenants] for this mistake."

Based on that evidence, the trial court granted landlord's motion and set aside the general judgment of dismissal.

Tenants appeal. They assign error to the trial court's grant of landlord's ORCP 71 B motion, arguing that landlord's evidence was insufficient, as a matter of law, to demonstrate "excusable neglect" within the meaning of the rule. In particular, they contend that landlord's evidence provides too little information about how the calendaring error occurred, and about how that error led to both landlord and his lawyer failing to show up for the 9:00 a.m. trial, to permit the conclusion that landlord's failure to appear was excusable. Landlord argues to the contrary that the evidence he provided is sufficient to establish that his failure to appear was excusable neglect.

To be entitled to relief from the trial court's judgment of dismissal on the ground of excusable neglect, landlord was required to demonstrate that he had "a reasonable

---

[2] ORCP 71 B(1) provides, "On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect."

excuse for failing—on account of neglect * * *—to appear or otherwise defend [his] interests." *Union Lumber Co. v. Miller*, 360 Or 767, 778, 388 P3d 327 (2017). We review the trial court's ruling on that question for legal error. *Id.*; *see also Hiatt v. Congoleum Industries*, 279 Or 569, 576-77, 569 P2d 567 (1977) (explaining that, where trial court's excusable neglect ruling is reversed, appellate court has made overriding legal determination as to reasonableness of excuse).

As the party seeking relief from judgment, landlord bore the burden of proving facts demonstrating that he had a reasonable excuse for his failure to appear. *PGE v. Ebasco Services, Inc.*, 263 Or App 53, 66, 326 P3d 1274 (2014). Because the trial court concluded that landlord had established excusable neglect, the question for us is whether landlord's evidentiary submissions are legally sufficient to allow the trial court to reach that conclusion.[3] *See id.*

Whether a party has demonstrated a reasonable excuse sufficient to justify setting aside a judgment requires an assessment of the totality of the circumstances surrounding the dereliction by the party that led to the entry of the judgment sought to be set aside. *Id.* at 65-66; *see also Union Lumber Co.*, 360 Or at 781 (analyzing all of the circumstances that led to the entry of a default judgment in assessing whether parties seeking relief from judgment had established a reasonable excuse for their failure to appear). The focus of the inquiry is whether the totality of the circumstances reflects that the party seeking relief from judgment has "taken reasonable steps to protect its interests." *Union Lumber Co.*, 360 Or at 782-83; *Hoddenpyl v. Fiskum*, 281 Or App 42, 48-49, 383 P3d 432 (2016); *PGE*, 263 Or App at 65. Thus, for example, if a party shows that it has reasonable procedures in place to avoid the type of neglect or error that led to the entry of judgment, and that the

---

[3] Below, it was not entirely clear whether landlord was seeking relief from judgment on the ground of mistake or on the ground of excusable neglect, and the court did not specify the basis for its ruling. In his brief on appeal, however, landlord characterizes the court's ruling as based on excusable neglect. For that reason, we look to the case law discussing excusable neglect, rather than mistake, to analyze the court's ruling. Regardless, to be entitled relief from judgment on either ground, landlord was required to demonstrate that he had a "reasonable excuse for failing * * * to appear or to otherwise defend [his] interests." *Union Lumber Co.*, 360 Or at 778.

party reasonably—but unavailingly—relied on those procedures in the particular case, the party establishes excusable neglect. *Wagar v. Prudential Ins. Co.*, 276 Or 827, 833, 556 P2d 658 (1976); *Hiatt*, 279 Or at 577-79.

Under those standards, the scant evidence submitted by landlord is legally insufficient to permit the conclusion that landlord's failure to appear at trial was the product of excusable neglect. That is because that evidence provides no insight into the totality of the circumstances that led to the calendaring error by landlord's clerk or as to how that error, under the totality of the circumstances, led to landlord not appearing for trial at the specified time. Without additional information, it cannot be determined one way or another whether landlord had a *reasonable* excuse for failing to appear at the proper time. *See PGE*, 263 Or App at 65-66 (concluding that party had not established that failure to respond to complaint was the product of excusable neglect where party's evidence provided incomplete picture of the circumstances that led to the party's failure to respond).

Specifically, landlord offered no evidence indicating if or how he relied on his clerk's incorrect calendar in this case, or that he had typical procedures in place to ensure correct trial calendaring. In that regard, we observe that a trial is an important event, and that a party's failure to appear for a scheduled trial is disruptive to both the court's administration of justice and to the opposing party, who has had to prepare for trial, sometimes at significant cost in terms of time and money. For that reason, we think it fair to expect that litigants will exercise some degree of care in calendaring trial dates.[4] That does not mean that a party's calendaring errors can never constitute excusable neglect; certainly, under our case law, an error made despite reasonable measures intended to prevent such an error can constitute excusable neglect. *Id.* at 58-59. But it does mean that a party seeking to set aside a judgment entered after that party failed to appear for a scheduled trial based on a

---

[4] We note also that a party with two trials set for the same date and time, as was the case here, might be expected to exercise an even greater level of care in ensuring a timely appearance as that party has required preparation by and taken the time of two sets of opposing parties. *See generally Reeves v. Farber*, 284 Or App 887, 395 P3d 649 (2017).

calendaring error must show that it acted in some reasonable way to avert that type of consequential error.

An additional deficiency in landlord's evidence is the absence of evidence explaining how the calendaring error by landlord's clerk caused landlord's failure to appear at the time set for trial, given the written notice of the trial date and time provided to his lawyer and the reminder message left with his lawyer the day before trial. There is no evidence or contention that landlord's lawyer also miscalendared the time of trial, nor is there evidence that landlord was unable to communicate with his lawyer in advance of trial (a consultation which may very well have brought to light landlord's clerk's calendar error). Without evidence completing the picture as to how and why a calendaring error by landlord's clerk led to landlord not appearing for trial under those circumstances, the record does not permit the determination that the clerk's error constitutes a reasonable excuse for landlord's failure to appear.[5]

In the end, landlord's evidence in support of his claim of excusable neglect leaves too many questions unanswered. Did landlord have measures in place to avoid this sort of error? Has it happened before or is it a rare occurrence for landlord to be late for or miss eviction trials? What steps did landlord take to confirm that he had correctly calendared the time of trial and would show up on time? How did it come to be that landlord relied on a miscalendared trial time when his lawyer had been apprised of the correct trial time? When did landlord and his lawyer discover the mistake? Could landlord reasonably have notified the court of his mistake before it dismissed the case, rather than simply remaining silent about the matter until he arrived at the courthouse? The answers to questions like those would provide the "totality of the circumstances" necessary to assess whether landlord had a reasonable excuse for failing to

---

[5] In his brief on appeal, landlord argues that, in addition to his lawyer's declaration, the court could also rely on the fact that, on the day of trial, "[t]he trial court's clerk heard the frantic pounding on the door that morning by" landlord's lawyer. To the extent that information is relevant to whether landlord's failure to appear for trial on time was the product of excusable neglect, that information was not made a part of the record in this case and, for that reason, we cannot consider it in assessing whether landlord met his burden to establish excusable neglect.

appear. But landlord's evidence fails to supply any answers to those types of questions or any information completing the picture of the circumstances that led to his failure to appear.

For that reason, we conclude that landlord's evidence did not suffice to meet his burden of establishing that landlord had a reasonable excuse for failing to appear at trial. Accordingly, the trial court erred in concluding that landlord established excusable neglect. We therefore reverse and remand for the court to reenter the general judgment of dismissal.[6] Because we reverse on that basis, we do not address tenants' other assignment of error.

Reversed and remanded.

---

[6] In arguing for a different result, landlord cites *Brown v. City of Portland,* 140 Or App 63, 913 P2d 1385 (1996) for the proposition that "[c]ourts are to liberally construe ORCP 71 B motions to set aside default judgments to allow a party his day in court and to resolve disputes on their merits." To the extent that principle bears on the matter at hand, it does not assist landlord under the circumstances of this case. The trial court entered a general judgment of dismissal which, by operation of ORS 18.082(5), was without prejudice. As a result, the judgment did not operate to deprive landlord of his day in court; landlord would have been free to refile his eviction action. Landlord's own arguments in support of his motion more or less acknowledged that point by noting that the effect of the judgment of dismissal would be to delay trial by another 60 days.