Submitted February 28, reversed and remanded April 19, 2017

Jerry C. REEVES,
*Plaintiff-Respondent,*

*v.*

Tyler FARBER,
*Defendant,*
*and*

Courtney DUNN
and Dominic Shepherd, et al,
*Defendants-Appellants.*

Clackamas County Circuit Court
16LT00513; A161831

395 P3d 649

Harry D. Ainsworth filed the brief for appellants.

Kathleen Marie Moura filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

## PER CURIAM

Plaintiff landlord brought this forcible entry and wrongful detainer action (FED) under ORS 90.427(3) to evict defendant tenants from residential real property. The relevant facts are procedural and undisputed. After two continuances, one at the request of tenants and one at the request of landlord, the trial was set for March 3 at 9:00 a.m. The court sent written notice of the trial date and time to both parties by mail. The day before trial, the court left telephone messages with the lawyers for both parties reminding them of the upcoming trial. By 9:30 a.m. on the day of trial, neither landlord nor landlord's lawyer had appeared. The court noted that there was no sign of landlord or landlord's lawyer, confirmed with tenants that there was nothing in the file indicating a postponement "or anything of that nature," and entered a judgment dismissing the case and permitting tenants to file for attorney fees. One week later, landlord moved under ORCP 71 B(1)[1] to set aside that judgment, arguing that he had missed the trial due to "excusable neglect" within the meaning of the rule. The evidence in support of that motion consisted entirely of the following paragraphs in a declaration from his lawyer:

"1. I am the attorney representing [landlord] and make this Declaration in support of his Motion to Set Aside Dismissal of Complaint and Judgment and Motion to Reset Trial Date.

"2. [Landlord] was set for a 9:00 am trial on March 3, 2016. [Landlord's] clerk mistakenly calendared the time at 10:00 a.m.

"3. [Landlord] showed up fully prepared for trial at Courtroom 7 at 10:00 am. [Landlord] apologizes to the Court and to [tenants] for this mistake."

Based on that evidence, the court granted landlord's motion and set aside the judgment.

Tenants appeal, arguing that landlord's evidence was legally insufficient to demonstrate "excusable neglect"

---

[1] ORCP 71 B(1) provides, "On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect."

under ORCP 71 B(1). We agree for the reasons stated in *Reeves v. Plett*, 284 Or App 852, 855-58, 395 P3d 977 (2017), a case also involving landlord. There, we concluded that identical evidence was insufficient to establish that landlord's failure to appear for a different eviction trial set for the very same date, time, and courtroom as the trial in this case was the product of excusable neglect. Because landlord offered the same evidence to support his motion in this case as he did in *Reeves*, our conclusion is necessarily the same: "Landlord's evidence did not suffice to meet his burden of establishing that landlord had a reasonable excuse for failing to appear at trial," and it was error for the trial court to conclude otherwise.[2] 284 Or App at 858. We therefore reverse and remand for the trial court to reenter the general judgment of dismissal.[3]

Reversed and remanded.

---

[2] Below, it was not entirely clear whether landlord was seeking relief from judgment on the ground of mistake or of excusable neglect, and the court did not specify the basis for its ruling. On appeal, landlord characterizes the court's ruling as based on excusable neglect. For that reason, we look to the case law discussing excusable neglect, rather than mistake, to analyze the court's ruling. Regardless, to be entitled relief from judgment on either ground, landlord was required to demonstrate that he had a "reasonable excuse for failing *** to appear or to otherwise defend [his] interests." *Union Lumber Co. v. Miller*, 360 Or 767, 778, 388 P3d 327 (2017).

[3] In light of our reversal, we do not address tenants' other assignment of error.