IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

PIETER VERDONK,                          )
                                         )
            Plaintiff,                   )    TC-MD 220428N
                                         )
      v.                                 )
                                         )
CLACKAMAS COUNTY ASSESSOR,               )
                                         )
            Defendant.                   )    **ORDER**

This matter came before the court on Plaintiff's Expedited Motion to Set Aside Order of Dismissal (Motion), filed December 21, 2022. Defendant filed its Response on January 3, 2023, opposing Plaintiff's Motion. A hearing was held by remote means on February 23, 2023. James R. Dowell (Dowell), an Oregon attorney, appeared. Dowell's legal assistant, Corey Kuch (Kuch), also attended the hearing. Todd Cooper appeared on behalf of Defendant.

## I. STATEMENT OF FACTS

The court entered an Order of Dismissal after Dowell failed to appear for a case management conference and failed to respond to the court's letter regarding his failure to appear. The relevant facts are set forth chronologically below. The facts are based on the court's case records, Dowell's declaration, and statements made during the hearing.

- **October 26, 2022**: The court scheduled a case management conference for 10:30 a.m. on November 15, 2022, and sent notice to Dowell by email.[1] The notice warned: "If you do not appear, your case may be dismissed or a decision may be entered against you."

/ / /

---

[1] Electronic filing is required for Oregon attorneys, who are responsible for maintaining the correct service contacts. *See* TCR-MD 1 A(3); UTCR 21.100. Dowell received other electronic notifications from the court, including for the February 23, 2023, hearing.

- **November 15, 2022**: Dowell failed to appear at the case management conference, so the court sent him a letter on November 15, 2022, requiring a written response explaining the failure to appear by November 29, 2022. The letter warned: "If the court does not receive your response timely, your case may be dismissed."

- **November 18-28, 2022**: Dowell was out of the office for the Thanksgiving holiday. Dowell's office was closed for the week of Thanksgiving, November 21 to 25, 2022.

- **November 28, 2022**: Dowell and his family flew back to Oregon from their holiday.

- **November 29, 2022**: Dowell and his family began to experience symptoms of illness, so Dowell worked remotely for the next few days. Kuch was out of the office on holiday until December 9, 2022. A receptionist was in the office at some point during the week but did not alert Dowell to any mail from the court.

- **November 30-December 7, 2022**: Dowell was out of the office because he and his family were ill with the flu. Dowell is particularly sensitive to respiratory infections after suffering an infection during summer 2022 that caused him to miss work for five weeks.

- **December 7, 2022**: Having received no response from Dowell, the court entered an Order of Dismissal. The entry of the signed order generated an email notice to Dowell titled "Notice of Signed Document", which was accessed by Dowell's account the same day.

- **December 8, 2022**: Dowell returned to his office for the first time since November 17 and discovered the court's failure to appear letter and Order of Dismissal in his mail. He and Kuch subsequently searched Dowell's email account, including the spam folder, and were unable to locate the court's October 26, 2022, hearing notice.

- **December 21, 2022**: Dowell filed his Motion with the court.

At the February 23, 2023, hearing, Dowell provided some additional background on his office management practices. Dowell shares an office with several other attorneys. The receptionist shared by the attorneys sorts incoming mail and then delivers it to each attorney's office. Incoming mail is not date-stamped, so Dowell is unaware of when the court's November 15, 2022, letter was received. Sometimes, when Dowell is out of the office, the receptionist alerts him to significant mail, which was described as items that require a signature or large parcels. Dowell acknowledged that keeping up with the mail is ultimately his responsibility.

Defendant objects to Plaintiff's Motion for two reasons. (Def's Resp at 1-2.) First, Defendant notes that Dowell's illness does not explain his lack of timely response because it occurred three weeks after the court's failure to appear letter and one day after the Order of Dismissal.[2] (*Id*.) Second, Defendant notes that Tax Court Rule-Magistrate Division (TCR-MD) 18 C bars requests for reconsideration, so Plaintiff's Motion should be denied. (*Id.* at 2.)

## II. ANALYSIS

The issue presented is whether the court should grant Plaintiff's Motion and set aside its Order of Dismissal, allowing the case to proceed.

Plaintiff did not cite any legal authority in support of his Motion. The court looks first to the Magistrate Division rules, then to the Regular Division rules (TCR) and the Oregon Rules of Civil Procedure (ORCP) to the extent relevant. *See* ORS 305.501(4)(a)[3] ("Subject to the rules of practice and procedure established by the tax court," a magistrate is not bound "by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice"); preface to Magistrate Division rules (the magistrate may look to the Regular

---

[2] Dowell's declaration did not disclose that he and his family were experiencing symptoms of illness as early as November 29, 2022, so Defendant did not have the benefit of that information when it filed its response.

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

Division rules as a guide to the extent relevant); preface to Regular Division rules (although the ORCPs do not apply in this court, the court may look to them and related case law to interpret the TCRs to the extent the rules use the same or similar language); *Dept. of Rev. v. Ritchie Chevron, Inc.*, 14 OTR 406 (1998) (approving of magistrate's application of principles, but not exact procedures, found in ORCP 69 and 71).

A.      *TCR-MD 18 – Corrections, Reconsideration*

TCR-MD 18 provides for correction of clerical mistakes and other errors under specified circumstances. As Defendant notes, TCR-MD 18 C bars motions for reconsideration "following issuance of a *decision*, or *judgment*[.]"[4] (Emphasis added.) Because the court entered an *order* of dismissal, that subsection of the rule is inapplicable here. TCR-MD 18 B allows a party to, "within a reasonable time * * * request relief from an order * * * for reasons of mutual mistake, inadvertence, excusable neglect, or misconduct of another party." Plaintiff did not allege that a mutual mistake or misconduct by Defendant occurred. It is possible that Plaintiff intended to rely on the "excusable neglect" or "inadvertence" standards in TCR-MD 18,[5] but he did not make any explicit reference to the rule, either in his written Motion or at the hearing.

/ / /

---

[4] The terms "decision" and "judgment" have unique meanings in the Magistrate Division. A "decision" is appealable to the Regular Division and a "judgment" issues if no appeal is taken. ORS 305.501(5)(a), (7).

[5] Excusable neglect requires a party to show "a reasonable excuse sufficient to justify setting aside" the judgment. *Reeves v. Plett*, 284 Or App 852, 855, 395 P3d 977 (2017); *see also Union Lumber Co. v. Miller*, 360 Or 767, 781, 388 P3d 327 (2017) ("reasonable but ineffectual actions taken in response to service of process may establish excusable neglect"). The court looks to "the totality of the circumstances surrounding the dereliction," including whether the party had "reasonable procedures in place to avoid the type of neglect or error that led to" the judgment, and that the party followed its procedures. *Reeves*, 284 Or App at 855-56. Inadvertence involves a "lack of heedfulness; oversight or mistake." *Michael v. Pugel*, 316 Or App 786, 792, 504 P3d 1231 (2022).

TCR 71 B and ORCP 71 B allow a party to move for relief "from a *judgment*" for reasons including "mistake, inadvertence, surprise, or excusable neglect." TCR-MD 18 B applies to "orders, decisions, or judgments." As noted above, the terms "decision" and "judgment" have unique meanings in the Magistrate Division. TCR 69 D and ORCP 69 F authorize the court to set aside an *order* of default for good cause shown.

B.      *Want of Prosecution and "Good Cause" Standard*

TCR 54 B(3) provides for dismissal of a case for want of prosecution.  Where no action has been taken in a case for six months, the court will notify the parties that a judgment of dismissal will be entered unless the party shows good cause why the case should be continued.  ORCP 54 B(3) contains similar language, including the good cause standard, and a one-year benchmark for inactivity.  The Regular Division of this court has indicated that a "good cause" standard applies to determine whether to set aside a magistrate's dismissal for either failure to prosecute the case or failure to comply with the deadlines imposed by the magistrate.  *Spears v. Dept. of Rev.*, 20 OTR 229, 234-35 (2010) (*citing* TCR 54 B(3); ORCP 54 B(3); UTCR 1.090(2)).  That is also the standard in the Magistrate Division to set aside an order of default, which occurs when a defendant fails to answer the complaint.  *See* TCR-MD 7 F.

In *Spears*, the representative missed two briefing deadlines and failed to communicate with the court other than a single phone call from his wife stating he was ill, made before the second extended deadline.  20 OTR at 230-233.  In its *de novo* review of the magistrate's dismissal for want of prosecution, the Regular Division heard new evidence about the extent of the representative's medical problems and found it constituted good cause for his failure to comply with the deadlines.  *Id.* at 234-35.

Additionally, Courts have "inherent power" to dismiss a case for want of prosecution.  *See S.E.G. v. Parker*, 323 Or App 202, 209, 523 P3d 154 (2022) (citations and quotations omitted).  In weighing the application of this dismissal power, courts generally consider factors including "the length of the delay, the reasons for it, whether the court has previously warned the plaintiff that he or she should act with greater diligence, and whether less drastic sanctions than dismissal would suffice."  *Id.* at 209-211.  Consistent with the court's inherent power to dismiss

a case for want of prosecution, TCR 54 B(3) includes a provision that "[n]othing contained in this [rule] will prevent the dismissal by the court at any time, for want of prosecution of any action upon motion of any party thereto."

Considering the opinion in *Spears*, as well as those factors identified in *S.E.G.*, the court concludes that good cause exists to set aside the Order of Dismissal and allow this case to proceed. The delay Plaintiff caused occurred at an early stage – the initial case management conference – and amounted to just over five weeks.[6] That is a shorter interval than the six months and one-year standards that may trigger dismissal for want of prosecution under TCR 54 B(3) and ORCP 54 B(3), respectively.[7] The delay was due to a combination of Dowell's family holiday, an extended period of illness, and inadequate office management regarding the handling of mail and electronic court notices. Although the court's hearing notice and letter each warned that dismissal was a possibility, Dowell did not see those warnings until December 8, 2022, when he returned to the office in person and reviewed his mail.[8] The court expects that its Order of Dismissal and subsequent hearing have now warned Plaintiff of the need to act with greater diligence moving forward and for Dowell to reconsider his office's mail handling and email notification practices to ensure he is timely informed of case developments.

Finally, the court notes the legislature intended for most cases filed in the Tax Court to be heard first by a magistrate. *See* ORS 305.501(1). That intent must be balanced against the

---

[6] The original case management conference was set for November 15, 2022, and Dowell filed his Motion on December 21, 2022.

[7] The court does not here adopt either the six-month or one-year standards for inactivity. The Magistrate Division is, by design, less formal than either the Regular Division or the circuit courts, so cases typically progress more quickly through the Magistrate Division. *See* ORS 305.501(4)(a) (quoted above).

[8] It is unclear why Dowell did not immediately contact the court upon discovery of the order and letter on December 8, 2022.

court's interest in managing its docket, enforcing its orders, and providing timely resolution to parties. *See Spears*, 20 OTR at 234, 236 (finding the magistrate's dismissal was appropriate under the facts known at time and admonishing litigants to "keep the court apprised of developments that may disrupt * * * scheduling"). Given the posture of this case and the length of the delay, the balance here favors allowing Plaintiff's case to proceed in the Magistrate Division.

## III.  CONCLUSION

Upon careful consideration, the court finds good cause to set aside its Order of Dismissal. Now, therefore,

IT IS ORDERED that Plaintiff's Expedited Motion to Set Aside Order of Dismissal is granted.

IT IS FURTHER ORDERED that a case management conference will be scheduled by separate notice for Tuesday, April 11, 2023, at 9:00 a.m.

Dated this _____ day of March 2023.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This document was signed by Presiding Magistrate Allison R. Boomer and entered on March 24, 2023.***