***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted October 28, 2022, affirmed June 28, 2023

STAHLBUSH ISLAND FARMS, INC.,
an Oregon corporation,
*Plaintiff-Respondent,*

*v.*

IPMF, LLC,
a Delaware limited liability company,
dba IPM Foods and IPM Foods, LLC,
*Defendant-Appellant.*

Linn County Circuit Court
20CV18791; A175361

Brendan J. Kane, Judge.

James T. McDermott argued the cause for appellant. Also on the briefs were Ciaran P. A. Connelly and McDermott Weaver Connelly Clifford LLP.

Andrew Lee argued the cause for respondent. Also on the brief were Ben C. Fetherston, Jr., Sara Kobak, and Schwabe, Williamson & Wyatt, PC.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.*

JACQUOT, J.

Affirmed.

_____

* Jacquot, J., *vice* James, J. pro tempore.

**JACQUOT, J.**

Defendant appeals a judgment entered after the trial court denied its motion for relief from default. Defendant raises two assignments of error. In the first assignment, defendant challenges the trial court's ruling on the grounds defendant asserted in its motion: excusable neglect, faulty service, and misconduct. In the second assignment, defendant asserts that the trial court erred by not addressing the question of personal jurisdiction. For the reasons below, we affirm.

We review for legal error whether a party has shown a cognizable ground for relief from a judgment under ORCP 71 B. *Union Lumber Co. v. Miller*, 360 Or 767, 777-78, 388 P3d 327 (2017).

In its first assignment of error, defendant first claims that its failure to respond to the complaint was the result of excusable neglect under ORCP 71 B(1)(a). Defendant offered evidence that, in June 2020, its registered agent in Delaware, where defendant is incorporated, transmitted the summons and complaint to Marciniak, who is a "member and officer" of defendant and its registered agent in Wisconsin, where defendant has its principal place of business. The Delaware registered agent sent the documents to Marciniak via two methods, (1) email and (2) first-class mail to Marciniak's residence in Illinois, but Marciniak averred that "IMPF received no notice of the Lawsuit by email [or] regular US mail[.]" Marciniak declared that she reviewed the "Informed Delivery" records of the US Postal Service for the Illinois address for June and July 2020 and found no record of any delivery from the Delaware registered agent. The trial court concluded that defendant had not established excusable neglect.

The trial court did not err. Defendant's evidence was not sufficient to establish that, in the totality of the circumstances, the actions it took or omitted were reasonably designed to protect its interests such that any neglect was excusable. *Union Lumber Co.*, 360 Or at 779, 781; *Reeves v. Plett*, 284 Or App 852, 855, 395 P3d 977 (2017). A party seeking to set aside a judgment entered after that party failed to respond to a summons and complaint based on an

argument that it failed to receive the documents must show that it acted in a reasonable way to avert that type of consequential error. *See Reeves*, 284 Or App at 856-57 (noting that standard in the context of failure to appear for trial based on a calendaring error).

Viewing the record in the light most favorable to defendant, that is, accepting its premise that neither email nor regular mail caused the summons and complaint to reach Marciniak, defendant has not shown that it acted reasonably to assure that such documents would reach defendant. To the contrary, defendant's evidence leaves too many questions unanswered to reach the conclusion that any neglect in responding to the complaint was excusable. *Reeves*, 284 Or App at 857-58; *PGE v. Ebasco Services, Inc.*, 263 Or App 53, 66, 326 P3d 1274 (2014). Transmission of summons and complaints from registered agents to their principals is a critical function, and failure in that process can lead to serious consequences. It is fair to expect that entities exercise a high degree of care in establishing and following reliable procedures to assure that they will receive documents from their registered agents. Defendant did not offer evidence that the combination of email and regular mail was its established procedure for the Delaware registered agent to transmit service of process to it. Nor did defendant offer evidence that those procedures had worked in the past to assure that it received critical legal documents served on its Delaware registered agent. Particularly as Marciniak was herself a registered agent for defendant in Wisconsin, it is reasonable to expect that Marciniak would understand the importance of regularly monitoring communication channels that would be used by the Delaware agent, but defendant offered no evidence that Marciniak regularly—or ever—checked the email address or the physical residence mailbox.

Defendant also contends that its failure to appear should be excused because plaintiff did not properly serve it with the summons and complaint under ORCP 7 by mailing a copy or by using another method that, in its view, was more likely to apprise defendant of the action than service on its Delaware registered agent. The trial court concluded plaintiff correctly followed a legally available method of service, and we agree.

Defendant is a limited liability company. Under ORCP 7 D(3)(c)(i), the "primary service method" on an LLC includes "personal or office service upon a registered agent[.]" Defendant does not assert that plaintiff did not properly execute that method of service but argues that plaintiff should have used an alternative method of service under ORCP 7 D(3)(c)(ii) because it has no registered agent in Linn County, where this action was filed. Defendant misconstrues ORCP 7 D(3)(c). Under that rule, the service methods in ORCP 7 D(3)(c)(i) are always available; a plaintiff may always choose to use the primary method, including personal or office service on a registered agent, as plaintiff did here. ORCP 7 D(3)(c)(ii) offers optional service methods plaintiffs may choose to use if a defendant has no registered agent (or other identified acceptable recipient) located in the county where the action is filed; it does not require plaintiffs to use those options.

Defendant next urges that it was entitled to relief from default on the basis of misconduct under ORCP 71 B(1)(c). Defendant contends that plaintiff's attorney engaged in misconduct by not advising defendant's Wisconsin attorney that plaintiff had filed suit or that plaintiff would be seeking a default judgment, "particularly during a global pandemic." Defendant notes that, before the complaint was filed, the attorneys had been in regular contact. The trial court correctly rejected this argument as well.

To set aside a default under ORCP 71 B(1)(c), "there must be clear and convincing evidence that the judgment was procured as a result of fraud, overreaching or 'other misconduct.'" *Auble and Auble*, 125 Or App 554, 559, 866 P2d 1239 (1993), *rev den*, 318 Or 478 (1994). Misconduct must be "similar in nature to fraud or misrepresentation" to support relief under ORCP 71 B(1)(c); "a mere breach of a promise" does not suffice. *Id*. at 561. Here, defendant does not assert that plaintiff did not follow proper procedures, including those governing notice to defendant, in seeking default. *See* ORCP 69. Nor does defendant cite any rule of professional conduct or other source of law that plaintiff's attorney might have breached. Defendant points to material in *Ainsworth v. Dunham*, 235 Or 225, 230-31, 384 P2d 214 (1963), which approved the admonition of the Code of Trial

Conduct of the American College of Trial Lawyers that lawyers who "know[] the identity of a lawyer representing an opposing party *** should not take advantage of the lawyer by causing any default *** to be entered without first inquiring about the opposing lawyer's intention to proceed." That material is dictum, precedes the adoption of both the Oregon Rules of Civil Procedure and the Oregon Rules of Professional Conduct, and is phrased in a hortatory, not mandatory, manner.[1] While plaintiff could certainly have notified defense counsel that it was going to proceed with suit, it was not required to do so, and a lack of professional courtesy does not amount to misconduct.

As to defendant's suggestion that the pandemic played a role here, defendant suggests that plaintiff's attorney's failure to consult defendant's Wisconsin attorney was more egregious because it happened during the pandemic. However, beyond noting that events occurred during the first half of 2020, defendant does not explain how the timing should affect the analysis. Defendant asserts that it was "customary in Oregon during the COVID pandemic" to ask opposing counsel to accept service of process. Defendant offered no evidence of that "custom." In any event, acting contrary to a custom is at most breach of a social norm, and not akin to the kind of fraud or overreaching that constitutes misconduct under ORCP 71 B(1)(c). To the extent that many people were working away from their normal workplaces during that time, office service on a registered agent—who can reasonably be expected to know the best way to assure that documents reach its clients—seems a responsible means to assure that documents reach the proper recipients, wherever they might have been found early in the pandemic.

In its second assignment of error, defendant contends that the trial court erred in failing to reach the issue of personal jurisdiction on its own motion or in failing to order further briefing on personal jurisdiction. The trial court did not err.

---

[1] *See In re Lathen*, 294 Or 157, 164, 654 P2d 1110 (1982) (text of disciplinary rules, not previous opinions regarding hortatory language of former canons, govern lawyer discipline).

Critically, in both its motion to set aside the default judgment and in its motion to reconsider the court's denial of relief from default, defendant did not argue the merits of personal jurisdiction. In its initial motion, defendant stated that it "does not believe [plaintiff] has personal jurisdiction over it in this Court, and intends to move to dismiss for lack of personal jurisdiction once the default judgment is set aside. The Court should set aside the default to allow the parties to resolve that threshold jurisdictional issue." After the trial court denied that motion, defendant moved for reconsideration, arguing in part that the court was "obligated to vacate the default judgment on its own motion if it lacked personal jurisdiction over" defendant and should "at the least, order additional briefing on the personal jurisdiction issue." Again, defendant did not argue the merits of personal jurisdiction, it merely noted that "there is substantial doubt regarding whether [defendant] has sufficient contacts with Oregon to confer jurisdiction to this Court under Oregon's long-arm statute." Neither plaintiff nor the trial court addressed the issue of personal jurisdiction.

The trial court did not err by not addressing personal jurisdiction on its own motion. Courts are not obligated to consider personal jurisdiction *sua sponte*. Although courts have a duty to independently assess subject matter jurisdiction, *see* ORCP 21 G(4), that duty does not extend to personal jurisdiction—to the contrary, we have held that a court errs when it raises personal jurisdiction on its own motion. *Osburn v. Pace*, 55 Or App 492, 494, 638 P2d 497 (1982); *see also Geer and Geer*, 225 Or App 213, 214, 200 P3d 618 (2009) (reversing judgment of dismissal based on trial court's *sua sponte* determination that there was a lack of personal jurisdiction).

Nor did the court err by not ordering further briefing on the issue of personal jurisdiction. Lack of personal jurisdiction must be raised at a party's first opportunity, or it is waived. ORCP 21 F; ORCP 21 G(1); *Pacific Protective Wear Dist. Co. v. Banks*, 80 Or App 101, 104-05, 720 P2d 1320 (1986) (declining to reach argument disputing personal jurisdiction for lack of minimum contacts because the defendant had waived that defense by first moving to set aside default on the grounds of excusable neglect and fraud);

*see also Dept. of Human Services v. M. C.-C.*, 275 Or App 121, 124, 365 P3d 533 (2015), *rev den*, 358 Or 611 (2016) (same in context of defects in service; relying on *Pacific Protective Wear Dist. Co.*). Here, defendant did not raise a personal jurisdiction defense together with the grounds it relied on in its initial motion; it merely expressed that it intended to challenge personal jurisdiction at a later time. Defendant submitted to the court's jurisdiction by seeking to set aside the default without arguing the merits of personal jurisdiction. Defendant's attempt to "reserve" the issue of personal jurisdiction did not impose a duty on the trial court to order further briefing.

Affirmed.