No. 917 December 18, 2024 907

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Robert Kim REED
and Karen J. Reed,
*Plaintiffs-Appellants,*

*v.*

Ronald Ray THOMPSON
and Rachel Ann Thompson,
*Defendants-Respondents.*

Deschutes County Circuit Court
21CV25146; A179791

Alycia M. Herriott, Judge.

Submitted November 3, 2023; On respondents' motion to take judicial notice filed April 16, 2024, appellants' objection and motion to strike filed April 30, 2024, and respondents' response filed May 14, 2024.

Mark G. Reinecke and Bryant Lovlien & Jarvis P. C. filed the briefs for appellants.

Ronald R. Thompson and Rachel A. Thompson, filed the brief *pro se*.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Motion for judicial notice denied; motion to strike denied as moot; reversed and remanded.

**HELLMAN, J.**

Plaintiffs (Robert and Karen Reed) appeal a trial court judgment that dismissed their complaint against defendants (Ronald and Rachel Thompson) for insufficient service of process. Raising three assignments of error, plaintiffs argue that the trial court erred when: (1) it dismissed plaintiffs' claims against Mr. Thompson for insufficient service of process; (2) it dismissed the claims against Mrs. Thompson without giving plaintiffs an opportunity to serve Mr. Thompson; and (3) it denied plaintiffs' motion to set aside the judgment. Because we determine that the trial court erred when it dismissed the claims against both defendants, we do not reach plaintiffs' third assignment of error.[1]

We review motions to dismiss for insufficient service of process for errors of law. *Smith v. Wells*, 128 Or App 492, 497, 876 P2d 850 (1994). We review whether service was adequate for errors of law. *Willamette River I v. Boespflug*, 312 Or App 558, 563, 494 P3d 980, *rev den*, 368 Or 561 (2021). We are bound by a trial court's factual findings on that issue if they are supported by evidence in the record. *Id.* Consistent with that standard of review, we set out only a limited recitation of the facts as necessary to resolve each assignment of error.

Plaintiffs and defendants are neighbors in LaPine. For numerous years, they have been engaged in litigation over an easement for use of a road that passes through the plaintiffs' property for the defendants to access their property.

In June 2021, plaintiffs filed a complaint seeking a declaratory judgment, property damages, trespass, nuisance, intentional infliction of emotional distress, and a permanent injunction. They also sought a temporary restraining order (TRO) prohibiting defendants from taking specific actions. The sheriff was unable to serve defendants at their home because defendants had locked the gate across their driveway and had posted a no trespassing sign. The sheriff tried to leave a message, but defendants' voicemail was full.

---

[1] Defendants filed a motion for judicial notice on April 16, 2024, which we deny. Plaintiffs filed a motion to strike defendants' motion for judicial notice on April 30, 2024, which we deny as moot.

The sheriff left a door hanger on defendants' gate, but defendants did not respond.

The trial court granted the TRO *ex parte* and granted the orders to show cause. Plaintiffs again attempted to serve defendants through the sheriff. Again, the sheriff was unsuccessful because defendants were a "[n]o show" at the "given address and at the time provided."

Plaintiffs were eventually able to personally serve Mrs. Thompson and substitute serve Mr. Thompson with the TRO and order to show cause on July 3, 2021, by handing the documents to Mrs. Thompson in the driveway of defendants' shared home. *See* ORCP 7 D(2)(a) (setting out personal service as delivery of the summons and complaint "to the person to be served"); ORCP 7 D(2)(b) (setting out substituted service as delivery of the summons and complaint at "the dwelling house or usual place of abode of the person to be served to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served"). On July 6, 2021, defendants filed a motion to dismiss the TRO and the order to show cause. In that motion, they admitted that they had received the documents on July 3, but disputed whether that was sufficient service. Specifically, they wrote:

> "My wife, Rachel Ann Thompson, was handed this wad of papers last Friday as she went to investigate the Reed family's latest unlawful interference with our easement. We have not received any kind of due process related to this prior to this questionable 'service' which contains no 'Proof of Service' by a woman calling herself 'Linda Lozier' who is possibly the ex-wife of Robert Kim Reed."

Defendants also made arguments contesting the merits of plaintiffs' case.

On July 14, 2021, plaintiffs filed a first amended complaint. Before plaintiffs could effectuate service of that complaint, defendants filed the motion at the core of this appeal. That motion, dated July 26, 2021, was titled "Defendant's motion to dismiss lack of due process/no proof of service for many filings with court." Although the heading of the motion referred to a motion to dismiss for lack of service, the body of the motion did not contain any argument on that basis. Instead, defendants sought dismissal of the

entire case because it "is nothing more than the continued harassment of" defendants and because plaintiffs' attorney "defraud[s] the court with his lies and deceptions." The motion contained other arguments as to why the case should be dismissed, as well as arguments about the merits of the case. Plaintiffs did not respond to that motion.

On July 29, 2021, plaintiffs personally served Mrs. Thompson and substitute served Mr. Thompson with the first amended complaint by handing the papers to Mrs. Thompson at the defendants' shared home.

On August 3, 2021, defendants filed another motion to dismiss, titled "motion to dismiss all matters." In that motion, they disputed that service had been timely made, arguing that they "have only 2 days ago received proper due service on these matters (and just now again on August 3, 2021). Therefore the court is denied jurisdiction by defective notice." Defendants also attached an affidavit of fact stating "[w]e were just served again today, by a sheriff at my driveway the exact documents we were served two days ago." The affidavit further asserted counterclaims against plaintiffs, making various merits-based arguments in response to the amended complaint.

On September 20, 2021, the parties appeared for a hearing on plaintiffs' request for a preliminary injunction. At that hearing, the trial court recognized that defendants had filed a motion to dismiss on August 3, 2021, and decided that "the motion to dismiss can be heard with the trial because it sounds like the issues are the same." The September 20, 2021, hearing was the last mention of failure of service of process. Over the next 11 months, the parties engaged in extensive pretrial litigation, during which defendants submitted voluminous filings on all sorts of issues.

On April 25, 2022, the parties appeared in front of a new judge for a pretrial hearing. The judge ordered the parties to provide the court clerk with a list of pending motions and to estimate the necessary time for argument so that the court could schedule pretrial hearings on the motions. The court scheduled a hearing on all the motions for September 20, 2022. The case was then reassigned to a third judge.

At the September 20, 2022, hearing, the trial court announced that it was interpreting defendants' July 26, 2021, motion as a motion to dismiss for lack of service of process. The court characterized the motion as "a challenge to personal jurisdiction." After hearing arguments from plaintiffs, the court determined that plaintiffs were unable to demonstrate that they had complied with ORCP 7 and prove that Mr. Thompson had been properly served with the first amended complaint. The court further ruled that, in cases where declaratory relief is sought, all defendants must be properly served. As a result, the court dismissed the case against both defendants. This appeal followed.

On plaintiffs' first assignment of error, we conclude that the trial court erred when it dismissed the claims against Mr. Thompson for failure of service of process. ORCP 21 A(2)(b) provides, in relevant part: "The grounds on which [insufficiency of service is] based must be stated specifically and with particularity in the responsive pleading or motion." Despite having a title that included the terms "motion to dismiss" and "lack of due process/no proof of service," defendants' July 26 motion did not cite any applicable rule or make any arguments on those issues. Without that, the motion did not meet the specificity standard of ORCP 21 A(2)(b). *See Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 381, 8 P3d 200 (2000), *adh'd to on recons*, 331 Or 595, 18 P3d 1096 (2001) (holding that a party's motion did not meet the specificity requirements of ORCP 21 A when the motion "neither referred to ORCP 21 A(8) nor worded its objection to resemble the wording contained in that rule"). Indeed, rather than make any argument related to due process or lack of proof of service, the motion waived those defenses because it raised merits-based arguments to the order to show cause and TRO. ORCP 21 G(1) (explaining circumstances under which defense of insufficiency of service is waived); *Dept. of Human Services v. M. C.-C.*, 275 Or App 121, 124 n 1, 365 P3d 533 (2015) *rev den*, 358 Or 611 (2016) ("A party waives objections to defects in service by appearing in court to seek relief that can be granted only on the assumption that the court has jurisdiction of the person, and the party does not, at the first possible occasion, object to the defects in service.").

Further, on July 26, 2021, when defendants filed their motion to dismiss, plaintiffs had not yet effectuated service of the first amended complaint and corresponding summons. That service occurred on July 29, 2021. Thus, defendants' July 26 motion to dismiss could be interpreted only as a motion to dismiss the order to show cause and TRO.

To the extent the trial court interpreted defendants' August 3, 2021, pleading as a motion to dismiss the first amended complaint, defendants admitted in that motion that they had been served with the first amended complaint, even as they disputed whether the timing of that service comported with due process. Under ORCP 7 F(3), proof of service may be established "by written admission of the defendant." Accordingly, the trial court erred in dismissing the case for lack of proper service as to Mr. Thompson.

Plaintiffs' second assignment of error challenges the trial court's dismissal of the claims against Mrs. Thompson. The trial court's ruling was based on its determination that both parties had to be properly served in a declaratory action, and because the court concluded that service had not been properly made on Mr. Thompson, plaintiffs were unable to proceed. Because we conclude that the trial court erred when it dismissed the claims against Mr. Thompson, we reverse the trial court's ruling as to the suit against Mrs. Thompson.

Motion for judicial notice denied; motion to strike denied as moot; reversed and remanded.