No. 330 April 16, 2025 677

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

M. K. N.,
*Petitioner-Respondent,*

*v.*

HAITHAM DABBOUR,
*Respondent-Appellant.*

Washington County Circuit Court
23PO12226; A183262

Mindy Stannard, Judge pro tempore.

Submitted March 18, 2025.

Haitham Dabbour filed the briefs *pro se.*

M. K. N.  filed the brief *pro se.*

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Respondent appeals a Family Abuse Prevention Act (FAPA) order entered following a hearing. ORS 107.718. We affirm, although we note that the face of the record raises serious questions regarding the trial court's *ex parte* determination that it had personal jurisdiction over respondent.

The record reveals the following. On October 31, 2023, petitioner, using a form petition, filed in Washington County Circuit Court a petition for a restraining order to prevent abuse under FAPA. Petitioner left blank the portion of the form directing her to specify respondent's place of residency. Petitioner asserted that respondent had committed three acts of abuse within the past 180 days, all of which were alleged to have occurred in Turkey. Petitioner also asserted that respondent had committed an earlier act of abuse, alleged to have occurred in Massachusetts. The petition represented that the parties had a joint child who had lived in the care of petitioner during the past five years, first in Massachusetts, next in Turkey, and for nine days in Washington County, Oregon. Petitioner alleged that, although she had not been in Oregon continuously for six months, she "came to Oregon to seek protection as protection wasn't provided enough when I lived in Turkey and I always had the fear of being harmed in a way or another and feared that he would kidnap my child." Petitioner left blank the part of the form asking if there were other court cases between petitioner and respondent for dissolution, custody, parenting time, or related matters.

After an *ex parte* hearing, the trial court issued the requested order, which both restrained respondent and awarded petitioner temporary custody of the parties' joint child. Although the order notes that "[r]espondent is likely still in Turkey," the court found that it had jurisdiction over the parties. With respect to the parties' joint child, the court found grounds "exist for the exercise of temporary jurisdiction" under the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA) because "the child[] (or a parent) ha[s] been subjected to or threatened with abuse or mistreatment."

Respondent was served with the order at his home in Michigan on November 15, 2023. He submitted a form "Request for Hearing" to the court on November 21, 2023. Respondent noted that he opposed both the restraining order and the custody order. He noted on the form that he was a resident of Farmington Hills, Michigan, that he had submitted an application under the Hague Convention alleging that petitioner had kidnapped the parties' joint child, and that he had initiated a divorce and custody proceeding in the family division of the State of Michigan 6th Judicial Circuit Court. He attached a copy of the Hague Convention application, which was dated December 22, 2022, and submitted a request to attend court by telephone, to accommodate the fact that he lived in Michigan.

The court held the hearing on November 30, 2023, and, following the hearing, continued the order as issued on October 31, 2023.

Respondent appeals, contending that the trial court erred in entering the order without affording adequate process. In response, petitioner defends the trial court's decision on the merits. We are unable to review those contentions because neither party supplied a transcript of the hearing to continue the order, and, in this case, a transcript is necessary for evaluating respondent's claims of error. *See C. P. v. N. L.*, 274 Or App 180, 181, 359 P3d 1248 (2015) ("In the absence of [a] transcript—that is, without a complete record of the evidence presented to the trial court—we are unable to determine whether the court erred ***."). Accordingly, we must affirm.

In so doing, we note that, although the court found that it had jurisdiction over the parties at the time it issued the order, the record before the court at the time does not support that finding and, because the order was issued *ex parte*, respondent did not have the opportunity to raise the issue at the outset. From what the record reveals, respondent is a resident of Michigan and there is nothing in the record to suggest that respondent's contacts with Oregon are sufficient to give rise to personal jurisdiction over him. *See, e.g., Kulko v. Superior Court of California*, 436 US 84, 86, 98 S Ct 1690, 56 L Ed 2d 132 (1978) (holding

that a state's exercise of personal jurisdiction over a non-resident, nondomiciliary parent of minor children domiciled within the state would violate the Due Process Clause of the Fourteenth Amendment). On appeal, however, respondent has not contested the trial court's exercise of personal jurisdiction over him and, because lack of personal jurisdiction, unlike lack of subject matter jurisdiction, is waivable, it would not be appropriate for us to *sua sponte* correct any error in the trial court's determination that it had personal jurisdiction over respondent. *See Dept. of Human Services v. M. C.-C.*, 275 Or App 121, 124, 365 P3d 533 (2015), *rev den*, 358 Or 611 (2016) (explaining that a party waives objections to exercise of personal jurisdiction by appearing in proceeding and requesting relief that could only be granted if the court has personal jurisdiction). We note the issue because a restraining order issued *ex parte* may have significant consequences for the person subject to it, making it imperative for a court issuing an *ex parte* order to carefully assess whether the court has personal jurisdiction over the named respondent so as to safeguard the respondent's due process interests. That is particularly so in cases like this one in which the facts presented by the petitioner do not indicate any connection between respondent and Oregon.[1]

Affirmed.

---

[1] As mentioned, in addition to restraining respondent, the order also granted temporary custody of the parties' joint child to petitioner based on a finding that the court had temporary jurisdiction over issues of child custody under the UCCJEA. Because a court's temporary jurisdiction under the UCCJEA depends on the location and circumstances of a child, not on those of a parent, any issues with respect to the court's personal jurisdiction over respondent would not call into question the court's authority to exercise temporary jurisdiction under the UCCJEA to issue a custody order.